UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Oak 44 Property Management, LLC | **Case no. 5:24-cv-0063** |
| Plaintiff | **Judge Caldwell** |
| v. | |
| Justin Maddix, et al. | **MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY** |
| Defendants. | |

Plaintiff Oak 44 moves for leave under Rule 26(d)(1) to conduct limited expedited discovery into three specific issues. In particular, Oak 44 seeks leave to serve four subpoenas in this fraud case, with the goals of (1) identifying and notifying third parties who may be victimized by the fraud, (2) identifying the proceeds of fraud before they become untraceable, and (3) determining whether there is additional fraud afoot that can be stopped before it is completed. Copies of the proposed subpoenas are attached.

Oak 44 is a property management company with apartment complexes in the Lexington and Louisville areas. Defendants Justin Maddix and Stephen Wood were employees of and supervisors for Oak 44. The gist of this case is that Oak 44 alleges that Maddix and Wood stole hundreds of thousands of dollars through three known specific schemes.

First, Oak 44 alleges that Maddix and Wood used Oak 44's credit accounts to purchase goods and services that they used to improve a "flip" house owned by their

1

separate entity, defendant Cayman Lane LLC. Cayman has no affiliation with Oak 44 whatsoever, but Oak 44 alleges that Maddix and Wood (and Cayman) falsely represented that goods or services they were purchasing were being installed in Oak 44's properties, when in reality they were being installed at the Cayman house. The Cayman house is now listed for sale and is under contract. Oak 44 seeks leave to serve a subpoena to identify the prospective buyer of the home. (Oak 44 has attempted to get that information extrajudicially from the listing real estate agent, but has not yet been successful. If Oak 44 receives that information, that may moot the need for this expedited subpoena. Oak 44 has also recorded a notice of lis pendens with respect to the property.) Oak 44's purpose in identifying the buyer is not to interfere with the prospective sale—quite to the contrary, Oak 44 would prefer that the sale be consummated, because doing so will generate cash that can be used to resolve Oak 44's claims. Instead, the purpose of identifying the buyer via subpoena is to ensure that the buyer has notice about the claim on the property. (Additional discovery from that buyer may be appropriate later, but Oak 44 is not seeking to expedite that.)

The second fraudulent scheme that Oak 44 alleges Maddix and/or Wood to have engaged in is the utilization of a fake entity to inflate expenses. More specifically, Oak 44 alleges that when certain services were needed at one of its properties, Maddix and/or Wood would call a tradesman (e.g., plumber, painter, etc.) and obtain a quote for the services, then mark up that number substantially, create a fake invoice from a fake

2

general services contractor—defendant Lexington 859 LLC—and then "hire" Lexington 859 to do the work at the inflated price. The real tradesman would then provide the service at the original, legitimate price. To Oak 44 this appeared to be a bona fide transaction with a legitimate contractor, and—based on the representations of Maddix and/or Wood—would pay the Lexington 859 invoice. Maddix and/or Wood would then downstream the actual payment to the actual contractor, and skim the remainder of the inflated price off the top for themselves. The purpose of the second attached subpoena is to obtain the bank records (or at least some of the bank records) of Lexington 859. These records are necessary to identify the scope of this fraudulent scheme, to determine whether any other conspirators (and potential defendants) were involved, and to determine whether or which of the legitimate contractors were not paid (because they may have claims against Oak 44 or others for their services rendered, which may in turn lead to additional claims or additional damages in this case).

    The third type of fraudulent scheme that Oak 44 alleges Maddix and Wood to have engaged in is similar to the first scheme, but instead of using Oak 44's credit accounts to purchase goods or services for a house that they intend to flip and sell, they used Oak 44's credit accounts to purchase goods or services for other apartment complexes that they own or manage. These apartment complexes are alleged to be owned or managed by defendants Park 12 Property Management LLC, 5515 LLC, and 5515 Hunt Club Ln LLC, which are owned or controlled by Maddix and/or Wood. The

primary vendor that the defendants are alleged to use in this scheme (and the Cayman scheme) is Home Depot. Oak 44 has been able to obtain directly from Home Depot a significant number of documents that evidence the scheme. But Home Depot is not the only vendor that the defendants are alleged to have used; they are also alleged to have used Oak 44's credit accounts at Lowe's for the same purpose. Lowe's, however, will not provide anyone (even Oak 44, the account holder) with account documents or invoices unless they receive a subpoena. The third subpoena therefore seeks information from Lowe's about the purchases made on Oak 44's accounts, who picked them up, where they were delivered to, and other similar information.

Finally, Oak 44 seeks to serve one additional subpoena for the purpose of obtaining Maddix and Wood's personal bank records. These records are necessary to trace money stolen from Oak 44 and, hopefully, recover it before it becomes untraceable. These records may also show whether any of that money has made its way into any other hands, any other "flip" properties, any other apartment complexes, and so on, which may lead to the identity of additional defendants or additional claims, or which may lead to the identity of additional properties in which Oak 44 may have an equitable or statutory interest by virtue of goods that it paid for being installed in those properties.

As this Court has said, expedited discovery may be permitted when "the proposed discovery is appropriately narrow and targeted." *5ifth Element Creative, LLC v.*

*Kirsch*, 2010 U.S. Dist. LEXIS 110722, at *5 (E.D. Ky. No 5:10-cv-255-KKC, Oct. 18, 2010). This discovery fits that description. It involves a specific and limited number of subpoenas, each of which serves a specific purpose and satisfies a specific and important need at this early stage of this case.

    Other courts in this Circuit have said that good cause for expedited discovery exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Russell v. Lumpkin*, 2010 WL 1882139, at *2 (S.D. Ohio no. 2:10-cv-314, May 10, 2020) (as cited in *5ifth Element*). Here, the need for expedited discovery—preventing the proceeds of fraud from becoming untraceable, giving notice to third parties who may be harmed by the fraud, and identifying other potential participants in the fraud—is significant. The prejudice to the responding party is nonexistent. The request involves subpoenas to non-parties, and because they are not parties, they are not within the class of persons whom Rule 26(d) is designed to protect (namely, defendants who would otherwise be forced to respond to discovery before having a chance to investigate and prepare their defense). From the subpoena recipients' perspective, it does not matter whether they receive a subpoena before or after a Rule 26(f) discovery planning conference; they are agnostic on that issue, so there is no prejudice.

                                              Respectfully submitted,

                                                */s/ Joshua M. Smith*
                                                Joshua M. Smith

>Jeffrey M. Nye (pro hac vice forthcoming)
>Adam P. Stickney (pro hac vice forthcoming)
>STAGNARO, SABA &
>PATTERSON CO., L.P.A.
>2623 Erie Avenue
>Cincinnati, Ohio 45208
>(513) 533-6715
>(513) 533-2999 (fax)
>jms@sspfirm.com
>jmn@sspfirm.com
>aps@sspfirm.com

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and accurate copy of the foregoing was served by electronic and/or ordinary U.S. Mail on March 6, 2024:

| | |
|---|---|
| Stephen Wood<br>251 Larue Apt. 408<br>Lexington, KY 40517 | Justin Maddix<br>202 Primrose Circle<br>Richmond, KY 40475 |
| Stephen Wood<br>2365 Harrodsburg Rd, Suite A205<br>Lexington, KY 40504 | Lexington 859 Service, LLC<br>c/o its registered agent<br>United States Corporation Agents, Inc.<br>9900 Corporate Campus Dr, Ste 3000<br>Louisville, KY 40223 |
| Cayman Lane, LLC<br>c/o its registered agent<br>Stephen Wood<br>251 Larue Apt 408<br>Lexington, KY 40517 | Park 12 Property Management, LLC<br>c/o its registered agent<br>Dan M. Rose Esq.<br>Rose Grasch Camenisch Mains<br>326 South Broadway<br>Lexington, KY 40508 |
| 5515, LLC<br>c/o its registered agent<br>Dan M. Rose Esq.<br>Rose Grasch Camenisch Mains<br>326 South Broadway<br>Lexington, KY 40508 | 5515 Hunt Club Ln LLC<br>c/o its registered agent<br>Stephen Wood<br>2365 Harrodsburg Rd, Suite A205<br>Lexington, KY 40504 |