UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| OAK 44 PROPERTY MANAGEMENT, LLC | ) ) ) | PLAINTIFF |
| vs. | ) ) | |
| JUSTIN MADDIX; STEPHEN WOOD; LEXINGTON 859 SERVICE, LLC; CAYMAN LANE, LLC; PARK 12 PROPERTY MANAGEMENT LLC; 5515, LLC; 5515 HUNT CLUB LN LLC | ) ) ) ) ) ) | Case No. 5:24-cv-00063  DEFENDANTS |

\* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED RELEASE OF *LIS PENDENS***

\* \* \* \*

Come the Defendants Stephen Wood and Cayman Lane, LLC, by counsel, and submit this memorandum in support of their Motion for Expedited Release of *Lis Pendens*.

**RELEVANT FACTS**

The Complaint filed herein by the Plaintiff Oak 44 Property Management, LLC ("Oak 44") asserts claims of fraud against the Defendant Stephen Wood ("Mr. Wood"), as an employee of Oak 44, for the alleged use of "a series of sham companies and LLCs . . . to embezzle hundreds of thousands of dollars from [Oak 44]." Complaint, ¶ l. Specifically, Oak 44 alleges that Mr. Wood, as a supervisory employee of, and in a scheme to defraud Oak 44, utilized its credit accounts, *e.g.,* an American Express card and certain other credit accounts with Home Depot and Lowe's, to pay for his personal expenses and the expenses of his so-called "sham companies and LLCs," none of which have any relationship to Oak 44. *Id.,* ¶¶ 11, 12.

One of those companies is Cayman Lane, LLC ("Cayman Lane"), which Mr. Wood wholly owns and operates for the purposes of holding certain real property located at 3660 Cayman Lane, Lexington, Kentucky 40509 ("Property"), something the Plaintiff describes as a

1

"flip" project for his personal profit and with no relationship to Oak 44. In particular, Oak 44 alleges that Mr. Wood has fraudulently charged labor and materials in the sum of "at least $80,837.66" to Oak 44's credit accounts for the benefit of the Property. Complaint, ¶¶ 18, 49.

Simultaneously with the filing of its Complaint on March 4, 2024, Oak 44, through counsel, placed a *lis pendens* of record on the Property appearing of record in the Fayette County Court Clerk's Office in Encumbrance Book 814, Page 424 (*"Lis Pendens"*). A true and correct copy of the *Lis Pendens* is attached hereto as Exhibit A. Mr. Wood and Cayman Lane file this Motion seeking an order from this Court that the *Lis Pendens* be released upon the ground that Oak 44 lacks the legal interest in the Property that would entitle it to record a *lis pendens* under Kentucky law.

## ARGUMENT

### OAK 44 LACKS THE REQUISITE LEGAL INTEREST UNDER KENTUCKY LAW TO HAVE LAWFULLY RECORDED THE *LIS PENDENS* AGAINST THE PROPERTY AND, THEREFORE, THE SAME IS VOID AND INVALID AND SHOULD BE IMMEDIATELY RELEASED

a) **Legal Standard For Recording A *Lis Pendens* Under Kentucky law.**

A *lis pendens* is "[a] notice, recorded in the chain of title to real property, . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." Black's Law Dictionary 943 (7th ed. 1999). In Kentucky, the filing of a notice of *lis pendens* is governed by Kentucky Revised Statute ("KRS") § 382.440, which provides, in relevant part, that such notices may be filed where the "title to, or the possession or use of, or any lien, tax, assessment or charge on real property, or any interest therein is in issue in a legal proceeding." The filing of a notice of *lis pendens,* in and of itself, does not create a lien against or other interest in the property. *Strong v. First Nationwide Mtg Corp.,* 959 S.W.2d 785 (Ky. App. 1998); *Redondo Const. Co. v. United States,* 157 F.3d 1060 (6th Cir. 1998).

2

The leading Kentucky case on the type of interest in real property required for a party to validly record a *lis pendens,* is *Greene v. McFarland,* 43 S.W.3d 258 (Ky. 2001). *Greene* was a divorce case in which the court held the proceeds from the sales of certain marital assets in escrow, which included two closely-held corporations, and a residence. *Id.* The plaintiffs, the Greenes, intervened in the dissolution proceeding in order to assert a claim for money owed to them for accounting services provided to the divorcing couple, the Owens, and their companies. *Id.* Thereafter, the Owens tendered an agreed order to the court allocating the distribution of the escrowed funds to their creditors, from which listing the Greenes were omitted. *Id.* The trial court subsequently entered an order permitting the Greenes to trace the proceeds from the sale of the company assets, whereupon they discovered that some of those assets had been used to satisfy a debt on the marital residence. *Id.* at 260.

The subsequent purchaser of the residence filed an action to discharge the *lis pendens* the Greenes recorded against the residence, challenging their right to do so under KRS § 382.440 based upon their legal interest in the funds that had been diverted to reduce the debt on the marital residence. *Id.* The Kentucky Supreme Court affirmed the Court of Appeals' decision that the *lis pendens* was invalid, stating:

> A *lis pendens* notice is appropriate in situations **where the title to property is at stake** (actions for partition, quiet title, and will contests, for example), and it serves as notice that the purchaser takes the title subject to the same restrictions as would apply to the seller. **Actions for general debt do not give rise to valid *lis pendens* actions because there is no actual lien or interest in the real property.**

*Id.* at 260 (emphasis added). The Court in *Greene* emphasized that the recording party must have an "actual . . . interest in the [subject] real property" and that the discovery that proceeds from the sale of the company assets were used to pay debt on the marital residence was insufficient to give the Greenes an interest in the real property that would support the recording

3

of a *lis pendens* under KRS 382.440. *Id.* The Greenes were just "general creditors" and their claim had "no direct attachment to the [subject] real property." *Id.* at 261.

Indeed, this Court, in *United States v. Coffman,* No. 5:09-CR-181-KKC, 2010 WL 3984886 (E.D. Ky. Oct. 7, 2010), has previously acknowledged and properly applied the *Greene* standard. There, the *lis pendens* filed against a criminal defendant's real properties were ordered removed as invalid because the United States held "only a potential and speculative future interest" in those properties that would not become "actual or present" unless and until a final judgment was entered. *Id.* at 7. Without the actual, choate interest in those real properties required under KRS 382.440, this Court properly found the Government's interest insufficient to authorize the filing of *lis pendens* notices on those properties. The Defendants are entitled to the same relief here.

Subsequent to the Court's decision in *Coffman, supra.,* the Kentucky Court of Appeals case of *Guerin v. Fulkerson,* 354 S.W.3d 161 (Ky. Ct. App. 2011) applied the *Greene* analysis to a complaint and a related *lis pendens,* alleging similar claims to Oak 44's Complaint herein. In *Fulkerson,* a homeowner, Geraldine Guerin, contracted with Masterson Construction & Development ("Masterson Construction") which was operated by Commodore Masterson and his wife, Judy Masterson, to erect a log cabin and a barn on Ms. Guerin's property. *Id.* at 161. Ms. Guerin paid Masterson Construction in advance for necessary labor, materials and permits required for the project, but Masterson Construction failed to finish the job and failed to return the unused funds. *Id.*

Following the passing of Commodore Masterson, Ms. Guerin filed a lawsuit against Judy Masterson, her mother Thelma Anderson and Charles Fulkerson for claims of breach of contract, unjust enrichment, misrepresentation and fraud. *Id.* Specifically, Ms. Guiren alleged the money

4

she paid to Masterson Construction for the construction project was, instead, inappropriately and fraudulently converted to pay for the Masterson's personal household expenses and for improvements and repairs to a mobile home owned by Ms. Anderson and that was located on property owned by her. *Id.* Simultaneously with her lawsuit, Ms. Guerin placed a *lis pendens* notice on that property, which had since been purchased by Mr. Fulkerson. *Id.*

Applying the *Greene* standard, the Court found that Ms. Guerin's claims "had no direct nexus at all to the real property at issue. Instead, it is obvious that [Ms. Guerin] had nothing more than a general creditor's claim against Commodore Masterson's Estate." *Id.* at 165. And further that "[Ms. Guerin's] claims did not have a direct attachment to the real property itself, and the recording of a *lis pendens* was inappropriate and ineffective in terms of encumbering a sale of the property . . ." *Id.* The Court of Appeals upheld the lower court's grant of summary judgment finding the *lis pendens* invalid. *Id.*

### b) Oak 44 Lacks An Interest In The Property Against Which The Lis Pendens Was Filed.

Oak 44 alleges that Mr. Wood fraudulently misused Oak 44 funds to benefit Cayman Lane and, in particular, to fund improvements on the Property in what Oak 44 refers to as the "Cayman scheme." Complaint, pp. 5-10. The Complaint alleges counts of fraud, breach of fiduciary duty, unjust enrichment, aiding and abetting, and civil conspiracy against the Defendants. *Id.*, pp. 18-22. At this point, Oak 44 is a potential judgment creditor of Mr. Wood and Cayman Lane, who in turn are potential judgment debtors of Oak 44. Kentucky case law is clear that, under such circumstances, a *lis pendens* filed by a general creditor against its debtor's real property is invalid. Rather, title to the real estate must be the subject matter of the action. *See Greene, supra.* and *Fulkerson, supra.*

5

Oak 44's claim of entitlement "to an equitable lien, a materialman's lien, a constructive trust, or other similar interest over or in all property owned by Cayman Lane LLC, including in particular the home at 3660 Cayman Lane, Lexington, Fayette County, Kentucky," Complaint, ¶ 101, relies solely on its potential remedies if a judgment of this Court should find in its favor.  At this time, however, Oak 44 does not have a present, legally sufficient interest in the Property that would entitle it to cloud Cayman Lane's title by the placement of a *lis pendens*.  As discussed above, the filing of a *lis pendens* does not create a lien or grant any legal interest in real property.  It merely serves as notice, in the chain of title, to warn all persons that that the property is the subject matter of litigation and that any interests acquired during the pendency of the suit are subject to its outcome.  Oak 44 fails to allege how the "title to, or the possession or use of, or any lien, tax, assessment or charge on real property, or any interest therein is in issue" here.  *See* KRS 382.440.

Furthermore, as the holdings in *Greene, supra.* and *Fulkerson, supra.* illustrate, the source of funds being used either (i) to improve real property, as in *Fulkerson,* or (ii) to satisfy the debt on real property, as in *Greene,* is not a legally sufficient interest in that real property under KRS 382.440 to support a *lis pendens*.  Oak 44's claim is not one to quiet title, to foreclose a lien, or for partition or sale or any other cause of action that alleges a claim to the **title** of the Property.  *See* KRS 382.440 *and Greene, supra.* at 260.  Without such an interest, the recording of a *lis pendens* is invalid and improper.

## CONCLUSION

Based upon the foregoing facts and authorities, the Defendants Stephen Wood and Cayman Lane, LLC respectfully request that this Court order Oak 44 to release forthwith the *Lis*

*Pendens* because Oak 44 lacks an actual, present, legal interest in the Property as required under Kentucky law in order to lawfully support a *lis pendens*.

                                                    Respectfully submitted,

                                                    /s/James M. Mooney
Dan M. Rose, Esq.
J. Wesley Harned, Esq.
James M. Mooney, Esq.
ROSE CAMENISCH STEWART PLLC
326 South Broadway
Lexington, Kentucky  40508
Phone: (859) 721-2100
E-mail: dan.rose@rcsmlaw.com
       wes.harned@rcsmlaw.com
       jim.mooney@rcsmlaw.com