UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| OAK 44 PROPERTY MANAGEMENT, LLC, <br><br> **Plaintiff,** <br><br> V. <br><br> JUSTIN MADDIX; STEPHEN WOOD; LEXINGTON 859 SERVICE, LLC; CAYMAN LANE, LLC; PARK 12 PROPERTY MANAGEMENT LLC; 5515, LLC; and 5515 HUNT CLUB LN LLC, <br><br> **Defendants.** | CASE NO. 5:24-CV-63-KKC <br><br><br> **ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on two motions: (1) Plaintiff Oak 44 Property Management, LLC's motion for leave to conduct expedited discovery; and (2) Defendants Justin Maddix and Stephen Wood's motion for expedited release of *lis pendens*. (DEs 6, 20.) For the following reasons, the Court will deny Plaintiff's motion and delay ruling on Defendants' motion pending Plaintiff's response.

I. **Motion for Leave to Conduct Expedited Discovery**

Plaintiff moves the Court for leave to conduct expedited discovery into three issues: (1) the identification and notification of third-party victims; (2) the identification of fraud proceeds before they become untraceable; and (3) whether there is additional fraud taking place during the pendency of this action. (DE 6 at 1.) Plaintiff argues that expedited discovery is justified in this action because the need for expedited discovery on these issues is "significant" and "satisfies a specific and important need at this early stage of this case." (*Id.* at 5.) The Court finds that expedited discovery is not necessary at this point.

Despite Plaintiff's argument that expedited discovery on these issues is significant,

it has failed to explain why the Court's usual discovery process is insufficient in this matter—even if there is no proposed prejudice to the responding parties. The Court follows the Federal Rules of Civil Procedure in civil cases such as this one. It decides motions to dismiss on the outset of litigation, then orders the parties to meet and plan for discovery pursuant to Rule 26(f) and subsequently tender a proposed scheduling order. Only then does the Court enter a scheduling order that governs the discovery process. No discovery takes place until this scheduling order is entered.

While it might be preferable to Plaintiff to look into these issues now, it has not explained why the ordinary discovery process and potential favorable judgment in this matter would not fully address its concerns. Accordingly, the Court will deny Plaintiff's motion for leave to conduct expedited discovery at this time.

## II.     Motion for Expedited Release of *Lis Pendens*

Defendants Maddix and Wood move for the expedited release of the *lis pendens* placed on 3660 Cayman Lane, Lexington, Kentucky 40509 (the "Property") by Plaintiff when the Complaint was filed. (DE 20 at 1–2.) They argue that Plaintiff does not have an "actual, present, legal interest in the Property" that would support a *lis pendens*—citing *Greene v. McFarland*, 43 S.W.3d 258 (Ky. 2001), as its leading authority—and requests that the Court orders its release. The Court finds it appropriate to order Plaintiff to respond to Defendants' motion, explaining: (1) how it meets the standard for recording a *lis pendens* on the Property; and (2) whether it has an actual, legal interest in the Property.

## III.    Conclusion

For the aforementioned reasons, the Court hereby ORDERS as follows:

1.      Plaintiff's motion for leave to conduct expedited discovery (DE 6) is DENIED; and

2.    Plaintiff SHALL FILE a response the Defendants' motion for expedited release of *lis pendens* (DE 20) within seven (7) days of the entry of this order. If Plaintiff fails to respond, the Court will grant Defendants' motion.

This 4th day of April, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY