## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Oak 44 Property Management, LLC | **Case no. 5:24-cv-0063** |
| Plaintiff | **Judge Caldwell** |
| v. | |
| Justin Maddix, et al. | **PLAINTIFF OAK 44'S RESPONSE TO DEFENDANTS' MOTION FOR EXPEDITED RELEASE OF *LIS PENDENS*** |
| Defendants. | |

This filing is being submitted pursuant to the Court's April 4, 2024 Order (Doc # 23) directing Plaintiff Oak 44 to respond to Defendants' Motion for Expedited Release, answering two questions from the Court: (1) How Plaintiff meets the standard for recording a *lis pendens* on the Property; and (2) Whether Plaintiff has an actual, legal interest in the Property. Those questions are addressed below and prefaced with a discussion of the proper procedural mechanisms for Defendants to challenge the *lis pendens*. Plaintiff also states that discovery has not yet begun in this case, and given the motion is filed prior to discovery, it should be treated as a motion to dismiss (albeit not directed to any specific claim).

## I.     Defendants' Motion for Expedited Release of Lis Pendens from this Court is not an appropriate avenue for obtaining such relief.

Defendants have moved for "expedited release of lis pendens," yet cite to no specific procedural rules under which the motion is brought. The motion, as best

understood by Plaintiff, seeks a summary and declaratory judgment as to a Plaintiff's legal interest in a property, despite citing to no supporting evidence nor directed to any particular claim. In reality, it can best be considered as a motion to dismiss.

The proper avenue for asking the Court to determine the validity of a lis pendens notice, however, is through a declaratory judgment action, by obtaining a dismissal of the lawsuit, or by prevailing on a slander of title claim.[1] Defendants do not appear to take any of these avenues, instead filing what amounts to a premature motion for summary judgment as to a legal interest in the property at issue. And they do so with zero supporting affidavits or evidence. (Defendants also give no explanation for why this issue is an emergency. While at one time there was a prospective sale of the Cayman property, that buyer terminated the contract for reasons unrelated to this litigation, *see* Doc # 7. If Defendants want emergency relief from the Court, they must not only explain why the matter is urgent, but also must provide evidence to support their contentions. Defendants here do neither.)

Defendants are free to take any of the above actions, but the present motion should be denied as procedurally inappropriate.

---

[1] *See, e.g., Wood v. MEW Providential Trust*, 2017 Ky. App. Unpub. LEXIS 805, at *5 (Ky. App. No. 2015-CA-000265-MR, Nov .3, 2017) (ordering release of lis pendens as a consequence of the substantive dismissal of the lawsuit on the merits); *Mercer v. Estate of Dempster*, 2017 Ky. App. Unpub. LEXIS 16, at *2 (Ky. App. No. 2015-CA-001678-MR, Feb. 24, 2017) (property owner "filed suit in order to have [the lis pendens claimant] remove the notices in order to cure the associated cloud on the title"). *See also Gordon v. Kassoff* (Ky App. No. 2007-CA-001100-MR, Aug. 15, 2008, *available at* http://bit.ly/3UhGIsw) (discretionary review denied at 2009 Ky. LEXIS 703, Ky. Sup. Ct. case no. 2008-SC-000639-D) (property owners successfully "moved for summary judgment and release of the lis pendens").

II.     **Plaintiff meets the standard for recording a *Lis Pendens* on the Property, and Defendants have not submitted any evidence to the contrary at this early stage.**

Regardless of the impropriety of Defendants' motion, Plaintiff unequivocally meets the standard for recording a *Lis Pendens* notice under KRS § 382.440 based upon the allegations in the complaint.

"K.R.S. § 382.440, providing for the lis pendens notice, states basically that no action concerning the title, possession, or use of any real property shall affect the right or interest of a subsequent purchaser of said property unless notice of the action is filed in the office of the county clerk of the county in which the property lies." *Strong v. First Nationwide Mtge. Corp.*, 959 S.W.2d 785, 787-788 (Ky.App.1998) citing K.R.S. § 382.440. "This section was enacted to protect the subsequent bona fide purchaser of the property," by obligating anyone with a potential interest in the property that could affect the buyer's rights to put them on notice of the same in the county of record. *Leonard v. Farmers & Traders Bank,* 605 S.W.2d 770, 772 (Ky. App. 1980) citing *Blackerby v. Monarch Equipment, Ky.*, 259 S.W.2d 683 (1953). "The statute does not purport to create any additional rights that a party might have in the property." *Id.* Instead, the notice does "no more than give notice of its claim against the [relevant] property," and it does not, independently, create a lien against said property. *Id.* In *Ballard v. 1400 Willow Counsel of Co-Owners, Inc.*, the Kentucky Supreme Court explained that:

> . . . *lis pendens* gives a creditor an opportunity to protect
> whatever interest he believes he may have in certain real

3

estate during litigation by preventing the property from
being taken by a bona fide purchaser for value.

430 S.W.3d 229, 239 (Ky. 2013).

Generally speaking, a lis pendens notice is validly filed in situations where title

to real property is at stake. *Cave Hill, LLC v. Logan Assert Backed Fun, L.P.*, 2012 Ky. App.

Unpub. LEXIS 240 at *12, citing *Greene v. McFarland*, 43 S.W.3d 258, 260.[2] Thus, if the

litigation ultimately results in a seller or debtor's complete divestiture of title, then any

interest in that property that the seller or debtor purported to convey during the

pendency of the litigation fails as a matter of law. *Id.* citing *Rice v. Merritt*, 310 S.W.2d

529, 531 (Ky. 1958)("The lis pendens notice gave [purchasers] warning that they would

take conveyance of the legal title from the bank subject to Rice's equitable estate should

be successful in establishing it."). Similarly, if the litigation ultimately results in the

diminishment of a seller or debtor's title, then any lien attaching to the property during

the pendency of the litigation, filed by the creditors of the seller or debtor, is limited to

whatever remains of the seller or debtor's title after the litigation concludes." *Id.* citing

*Strong v. First Nationwide Mortg. Corp.*, 959 S.W.2d 785, 787 (1998)("To protect her

equitable interest in the property, Teresa filed the lis pendens and those who obtained a

lien in the property after the filing of that notice, including Strong and Hampton, did so

'subject to the results of the litigation.'").

---

[2] See also *Guerin v. Fulkerson*, 354 S.W.3d 161, at 164-165 (Ky. App. 2011).

Here, Plaintiff has a clear equitable interest in the Cayman Lane property and has alleged as much in its Complaint. Indeed, Defendants made ongoing fraudulent misrepresentations regarding improvements to properties in which Plaintiff has an ownership interest, and instead Defendants made those improvements (to the tune of over $80,000.00) to Cayman Lane (the property at issue). Based upon this fraudulent activity, Plaintiff has significant equitable interests in the property, which it also seeks in its prayer for relief. *See, e.g.,* Doc # 1 PAGEID # 61, ¶ 101 ("Because Maddix and Wood improved the Cayman Lane LLC 'flip' house with more than $80,000 of goods and services paid for by Oak 44, Oak 44 is entitled to an equitable lien, a materialman's lien, a constructive trust, or other similar interest over or in all property owned by Cayman Lane, LLC, including in particular the home at Cayman Lane, Lexington, Fayette County, Kentucky."); *See also* Prayer for Relief, PAGEID # 64. Given discovery has not yet occurred and Defendants have not filed any evidence in support of their motion, these allegations must be taken as true.

The pleaded equitable interest in the Cayman Lane property is sufficient to establish the validity of the lis pendens, particularly given it is a central theme of the lawsuit. *See Guerin v. Fulkerson*, 354 S.W.3d 161, 165 ("In order to invoice the doctrine of lis pendens…the property that is described of the purpose of invoking the doctrine must be at the very essence of the controversy between the litigants."). Indeed, unlike cases of general debt, this litigation involves a specific fraudulent scheme to take

improvements represented to be made to one property, and making them to the property at issue, all for the purpose of improving that property's value with Plaintiff's assets.

Defendants cite *Guerin* as their primary support for this Court to immediately order release of the *Lis Pendens*. Their reliance is misplaced and exaggerates the holding in *Guerin*. While it is true that the *Guerin* court held that "actions for general debt do not give rise to valid lis pendens actions because there is no actual lien *or interest* in the real property[,]" the court was also clear that the reason the appellant's lis pendens claim failed was that "the pending litigation had no direct nexus *at all* to the real property at issue." 354 S.W.3d 161(Ky. Ct. App. 2011)(emphasis added). In the case it was alleged that charges were made for materials not bought for the property, and the court found this to be in the nature of a claim for general debt. *ID.*

Here, there is a direct nexus to the property at issue—namely, the fraudulent transfer of improvements bought and paid for by Plaintiff, to the property at issue owned by Defendants. This provides Plaintiff with an equitable interest in the property. *See, e.g., Odom v. Walt*, 2012 Ky. Unpub. LEXIS 900 citing *State Street Bank & Trust v. Heck's, Inc.*, 963 S.W.2d 626, 45 Ky. L. Summary 25 (Ky. 1998)("The circuit's court's granting of an equitable mortgage in this case is consistent with the general rule that an equitable lien may attach against real property upon the advancement of money and may continue to exist for the duration of the debt."); *Jacobs v. Douglas*, App. Nos. 87-CA-

607-MR, 87-CA-658-MR, 1988 Ky. App. LEXIS 49, at *5 (Mar. 25, 1988)("An equitable lien for improvements is enforceable not only as between the parties, but as against one who takes with notice, or one who would stand in the shoes of another.").

In addition to the Defendants' hyperbolic application of *Guerin*, Defendants grossly overstate the applicability of *Greene v. McFarland*, 43 S.W.3d 258 (Ky. 2001). In *Greene*, the matter at hand was divorce, for which the property subject to the *lis pendens* was merely ancillary to the actual issues being litigated and was simply a source of value in dispute. In contrast, in *this* case, Cayman Lane property is the literal *epicenter* of Defendants' alleged fraud, and the property itself is subject to Plaintiff's claims for an equitable lien.

Finally, Defendants cite to *United States v. Coffman*, a criminal case in which *the government* sought to impose lis pendens on properties of the defendant, based upon a "relation-back" provision of 21 U.S.C. § 853(c) which states that "all right, title, and interest in property descried in subsection (a) of this sections vests in the United States upon the commission of the act giving rise to forfeiture." 2010 U.S. Dist. LEXIS 108602 at *10. This Court rejected the argument, given the property at issue fell under subsection (p) of the statute, not (a). *Id.* Here, Plaintiff is not relying on a specific criminal code section to support its interest—it is relying on the fraudulent activity benefitting the property at issue, and its equitable interest in the same resulting from that fraud.

7

Plaintiff's lawsuit centers around the property at issue in which fraudulent improvements were made (resulting in increased value to the same over which Plaintiff has an equitable interest), Plaintiff respectfully submits that this meets the standard for filing a notice of lis pendens, particularly at this early stage of the litigation.

### III. Plaintiff has an actual, legal interest in the property for purposes of a Lis Pendens

Plaintiff's interest in the property is described above, in the form of an equitable lien that it seeks from this Court, for the improvements made to the property at issue by Defendants with Plaintiff's assets. While it is true that "actions for general debt do not give rise to valid lis pendens actions," an action for an equitable lien based upon improvements made plainly does provide a legal interest in the real property.

While Defendants may disagree that any such improvements were made, that an equitable lien is warranted, or that the improvements are significant enough to convey such an equitable interest, those are issues appropriately addressed at summary judgment or at trial of this matter, following discovery. The pleadings establish that Plaintiff has an actual, legal interest in the property based upon its request for equitable relief.

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for Expedited Release of Lis Pendens be denied. Alternatively, if the Court is inclined to grant Defendants' motion, Plaintiff respectfully requests that it be given leave to file an

amended complaint sufficient to cure any deficiencies in its allegations regarding an

interest in the subject property.

Respectfully submitted,

*/s/ Joshua M. Smith*
Joshua M. Smith (098835)
Jeffrey M. Nye (pro hac vice)
Adam P. Stickney (pro hac vice)
STAGNARO, SABA &
PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 (fax)
jms@sspfirm.com
jmn@sspfirm.com
aps@sspfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and accurate copy of the foregoing was served by CM/ECF on all counsel of record, and by electronic mail on the date of filing on Jim O'Toole and Natalie Williams (counsel for Justin Maddix):

*/s/ Joshua M. Smith*
Joshua M. Smith