UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| OAK 44 PROPERTY MANAGEMENT, LLC | ) ) | PLAINTIFF |
| vs. | ) ) ) | |
| JUSTIN MADDIX; STEPHEN WOOD; LEXINGTON 859 SERVICE, LLC; CAYMAN LANE, LLC; PARK 12 PROPERTY MANAGEMENT LLC; 5515, LLC; 5515 HUNT CLUB LN LLC | ) ) ) ) ) ) | Case No. 5:24-cv-00063 DEFENDANTS |

\* \* \* \*

**REPLY MEMORANDUM IN SUPPORT TO DEFENDANTS' MOTION
FOR RELEASE OF *LIS PENDENS***

\* \* \* \*

Come the Defendants Stephen Wood and Cayman Lane, LLC ("Cayman Lane"), by counsel, and submit this Reply Memorandum in Support of their Motion for Expedited Release of *Lis Pendens* ("Motion").

**ARGUMENT**

**I**

**THE DEFENDANTS' MOTION IS PROCEDURALLY PROPER**

In its Response to Defendants' Motion for Expedited Release of *Lis Pendens* ("Response"), the Plaintiff cites various cases for the proposition that a release of a *lis pendens* may only be obtained by dismissal or summary disposition of an action, a declaration of rights, or by prevailing on a slander of title action. *See Response*, p. 2. There is no such requirement under Kentucky law, however.

In *Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W.2d 765 (Ky. Ct. App. 1980)*,* Robinson commenced a legal action against Bonnie Braes Farms for collection of amounts owed for breach of contract for the purchase and sale of thoroughbred horses. As a result of that alleged breach,

1

Robinson also filed a *lis pendens* on Bonnie Braes Farms' real property that had nothing to do with Bonnie Braes Farms' right, title and interest in its real property. *Id.*

Bonnie Braes Farms then brought a separate action against Robinson for slander of title and abuse of process for the improper use of the *lis pendens*. In a motion to join the two actions, Bonnie Braes Farms also moved the court for the immediate release of the *lis pendens*. The trial court granted Bonnie Braes Farms' motion to release the *lis pendens* and further ordered the disposition of sums it had placed in escrow for the amounts Robinson alleged he was owed, all without any related dispositive motion. *Id.*

While the release of a *lis pendens* may be requested by the dismissal or summary disposition of an action, such a procedural avenue is not required under Kentucky law. Nor, as Plaintiff contends, must it otherwise come by a successful slander of title action, which outcome was summarily foreclosed in *Bonnie Braes Farms, supra.*, where the *lis pendens* was released prior to any consideration of the slander of title claim. Furthermore, the Defendants seek the release of the *lis pendens* in this action ("*Lis Pendens*") based solely upon the allegations and causes of action presented in the Plaintiff's Complaint, which, as a matter of law, fail to meet the requisite elements for recoding a *lis pendens* under Kentucky Revised Statutes ("KRS") § 382.440. The Court should not allow the Plaintiff, throughout the pendency of this action, to cloud title to Defendant Cayman Lane's real property ("Property") where it admittedly has no current interest in and to that Property. *See Response*, p. 8 ("Plaintiff's interest in the property is described above, **in the form of an equitable lien that it seeks from the Court** . . .") (emphasis added).

## II

### THE PLAINTIFF CITES NO KENTUCKY AUTHORITY IN SUPPORT OF ITS POSITION THAT A TORT CREDITOR'S PRE-JUDGMENT EQUITABLE INTEREST IN REAL PROPERTY IS A PROPER SUBJECT OF A *LIS PENDENS* NOTICE

The Plaintiff cites in its Response an array of unpublished Kentucky authority relating to actions concerning real property in which an equitable interest was involved, all of which, however, fails to recognize that (i) the causes of action brought in such cases go directly to the **title** of the properties, and (ii) the equitable interests therein were established **prior to** the filing of an associated *lis pendens* and subsequent foreclosure actions.

KRS § 382.440 unambiguously provides that a *lis pendens* may be recorded where the "title to, or the possession or use of, or any lien, tax, assessment or charge on real property, or any interest therein is in issue in a legal proceeding." The Kentucky Supreme Court in *Greene v. McFarland,* 43 S.W.3d 258 (Ky. 2001) further emphasizes that a *lis pendens* requires both an interest in the real property **and** that the action must relate sufficiently to that interest, such as "actions for partition, quiet title, and will contests, for example." *Id.* at 260. The equitable interest cases upon which the Plaintiff relies further support this proposition. *See, e.g., Ballard v. 1400 Willow Council of Co-Owners, Inc.*, 430 S.W.3d 229, 232 (Ky. 2013) (Condominium association filed *lis pendens* in action to foreclose upon lien created against condominium owner for failure to pay for shared unit repairs); *Cave Hill, LLC v. Logan Asset Backed Fund, L.P.*, No. 2010-CA-000870-MR, 2012 WL 967603 (Ky. Ct. App. Mar. 23, 2012) (Bank filed *lis pendens* and complaint in foreclosure action brought against subject property); *Strong v. First Nationwide Mortg. Corp.*, 959 S.W.2d 785 (Ky. Ct. App. 1998) (*Lis pendens* recorded by wife in an action for dissolution of marriage and for division of martial property, including the real estate). The Plaintiff's causes of action, which have no relation to the property against which the *Lis Pendens* was recorded, fail to

3

meet the "issue in a legal proceeding" requirement of KRS § 382.440 and *Greene v. McFarland supra*. None of the Plaintiff's causes of action go to the **title** of the Property as required by the Kentucky *lis pendens* statute and, accordingly, such causes "could never affect [Defendant Cayman Lane's] property until such time as [the Plaintiff] obtain[s] a final judgment in the action, and pursuant to the judgment, perfect[s] a levy of execution on the [Property]." *Bonnie Braes Farms, Inc. v. Robinson, supra.* at 767.

Furthermore, in the cases upon which the Plaintiff relies in its Response, the equitable interest was established **prior** to the recording of the *lis pendens* notice or was recorded by a party which had a prior deeded interest in the subject property. *See Ballard v. 1400 Willow Council of Co-Owners, Inc.*, *supra.* (Condominium association filed lien being foreclosed concurrent with its foreclosure action and associated *lis pendens*); *Cave Hill, LLC v. Logan Asset Backed Fund, L.P., supra.* (Bank held recorded mortgage on property being foreclosed); *Strong v. First Nationwide Mortg. Corp., supra.* (*Lis pendens* recorded by wife in action for dissolution of marriage where she had a present interest in subject real property as created by the marital property statute).

The Plaintiff's reliance on the certain timing language in *Odom v. Walt*, No. 2011-CA-000509-MR, 2012 WL 5969644 (Ky. Ct. App. Nov. 30, 2012) is also misplaced. First, *Odom* did not involve a *lis pendens* notice. It was instead a quiet title action by Odom wherein Walt sought from the court an equitable mortgage on Odom's real property, which was the subject of a sale between the two parties. *Id.* at *1. The Court of Appeals ultimately set aside the sale and granted Walt the equitable lien requested. The court further held that such lien related back to when he extended funds to Walt to purchase an interest in Odom's property as to a subsequent mortgage holder of the property. *Id.* at *2. However, it does not follow that, at the outset of an action to establish an equitable mortgage, such an interest holder possesses the requisite interest in the real

4

property to record a *lis pendens* notice against that property. That would explain Odom's decision not to file a *lis pendens* in the action.

Second, the relation back language used by the courts in *Odom* and *Strong* relate to the **priority of competing encumbrances**. While a court acting in equity may determine that an equitable lien relates back to a prior date, such a lien must first be recognized and adjudicated by the court. And, while an equitable lien holder may, following such a determination, subsequently foreclose on its lien and record a *lis pendens* in that action, it is not the case that KRS § 382.440 entitles a prospective equitable lien holder to cloud title to his alleged debtor's property prior to a court finding such equitable interest exists. *See Greene v. v. McFarland supra.* and *Guerin v. Fulkerson*, 354 S.W.3d 161 (Ky. Ct. App. 2011). Plainly, the Plaintiff has failed to locate any authority (unpublished or otherwise) that would support a filing of a *lis pendens* on a prospective and speculative equitable interest.

Finally, the Plaintiff cannot rely upon the legal conclusions set forth in its prayer for relief as a basis for the Court to determine that its *Lis Pendens* is valid. This Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations" when determining the sufficiency of the Plaintiff's Complaint. *See Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010) (internal citation omitted). As aforementioned, the Plaintiff itself recognizes its requested equitable interest relies upon a determination by this Court. *See Response*, p. 8 ("Plaintiff's interest in the property is described above, **in the form of an equitable lien that it seeks from the Court** . . .") (emphasis added). *See Hrivnak v. NCO Portfolio Mgmt.*, 994 F. Supp. 2d 889, 898 (USDC ND OH ) ("[P]rayer for relief is what it purports to be — a prayer or request directed to the court."). Without re-enumerating, but hereby incorporating the Defendants' arguments made in their

Motion for Expedited Release of *Lis Pendens*, the Plaintiff, as a general creditor, is not entitled to record a *lis pendens* under KRS § 382.440.

## CONCLUSION

Based upon the foregoing, the Defendants request this Court to order the immediate release of the *Lis Pendens* because the Plaintiff is without a present legal interest in the Property and its Complaint fails meet the dictates of KRS § 382.440 and *Greene v. McFarland, supra.* requiring the Property to be the subject matter of the action.

Respectfully submitted,

/s/James M. Mooney
Dan M. Rose, Esq.
J. Wesley Harned, Esq.
James M. Mooney, Esq.
ROSE CAMENISCH STEWART MAINS PLLC
326 South Broadway
Lexington, Kentucky  40508
Phone: (859) 721-2100
E-mail:    dan.rose@rcsmlaw.com
           wes.harned@rcsmlaw.com
           jim.mooney@rcsmlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the following by ordinary U.S. Mail and/or where permitted, through the Court's E-Filing System on the 16th day of April, 2024:

Joshua M. Smith, Esq. (jms@sspfirm.com)
Jeffrey M. Nye, Esq. (jmn@sspfirm.com)
Adam P. Stickney, Esq. (aps@sspfirm.com)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio  45208

/s/James M. Mooney
James M .Mooney

Attorney for Defendants, Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC