UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Oak 44 Property Management, LLC<br><br>　　　　Plaintiff<br>v.<br><br>Justin Maddix, et al.<br><br>　　　　Defendants. | **Case no. 5:24-cv-0063**<br><br>**Judge Caldwell**<br><br>**OAK 44 AND JOHN GASTON'S ANSWER TO MADDIX'S COUNTERCLAIM AND THIRD-PARTY CLAIM (DOC. 27)** |

　　　　For their answer to Justin Maddix's counterclaim and third-party claim, Oak 44 Property Management LLC and John Gaston state as follows in response to the numbered paragraphs in that pleading:

　　　　20.　　Admit.

　　　　21.　　Admit.

　　　　22.　　Admit.

　　　　23.　　Deny.

　　　　24.　　Admit.

　　　　25.　　Deny.

　　　　26.　　Deny.

　　　　27.　　Deny.

　　　　28.　　Deny for lack of knowledge Maddix's experience. Admit that Gaston wanted Maddix to work for Oak 44. Deny remainder.

1

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Admit that Maddix worked for Oak 44 for about three and a half years, that Gaston lived in Arizona, and that Maddix had supervisory responsibility for daily operations. Deny remainder.

35. Admit that Maddix had supervisory responsibility for daily operations but deny Maddix's characterization of his duties.

36. Admit that Maddix worked for Oak 44 since late summer of 2020, including that Maddix performed some of the job functions described here. Deny that Maddix "built" Oak 44 and deny that Maddix is responsible for any "exponential" growth.

37. Deny for lack of knowledge whether Maddix used personal accounts to purchase items or what his goals in doing so may have been.

38. Deny.

39. Deny.

40. Deny.

41. Admit that Maddix and Gaston exchanged texts, during which conversation Maddix resigned from Oak 44, but that conversation occurred on February 19 (not February 20).

42. Admit that Maddix emailed Klump asking about email access but deny any implied allegation that either Klump or Gaston told Maddix that he was still employed by Oak 44.

43. Admit that Maddix emailed Laura Klump but deny that Maddix was still working; Maddix had resigned on February 19, had not logged, or attempted to log any work hours in Oak 44's time system since February 19, and had told Oak 44 vendors that he was no longer employed by Oak 44.

44. Admit that Maddix's resignation was accepted. Deny remainder.

45. Admit.

46. Deny.

47. Deny that Maddix was ever promised equity and admit that he never received equity. Deny that Maddix was ever promised a sales bonus, but also deny that Maddix never received a bonus. (Maddix received two $5000 bonuses during his employment.)

48. Deny; Oak 44 does not own any apartments.

49. No response required.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. No response required.

55. Deny.

56. Deny.

57. Deny.

58. No response required.

59. Admit that Oak 44 agreed to employ Maddix as an at-will employee. Deny implied allegation that Oak 44 promised anything else and deny that Gaston promised anything.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. No response required.

69. This paragraph contains a legal assertion, not a factual allegation, and therefore no response is required.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. No response required.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. No response required.

83. Deny. Further answering, Gaston states that he did not speak to a reporter for Kentucky.com (nor any other reporter), and that the article in question was written based solely on the allegations in the complaint (doc. 1). Maddix's counsel has confirmed via email that the article attached to this answer is the article on which this claim is based.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Admit that the judicial process is not intended to be used for the destruction of a person's reputation. Deny implied allegation that doing so is the purpose of this lawsuit.

94. Admit that the judicial process is not intended to be used as a means of thwarting compensation due to a person. Deny implied allegation that doing so is the purpose of this lawsuit.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

## ADDITIONAL DEFENSES

99. Maddix has improperly designated Gaston as a third-party defendant under Rule 14, rather than as a counterclaim defendant under Rule 13(h).

100. The complaint fails to state a claim on which relief can be granted.

101. One or more claims are barred by the statute of frauds.

102. One or more claims are barred by Maddix's waiver, assumption of risk, contributory negligence, estoppel, illegality, or unclean hands.

103. One or more claims are barred by Maddix's prior material breach of the parties' agreement.

104. The defamation claim in count six is barred by the judicial statements privilege, or another similar privilege.

105. The defamation claim in count six is barred by the First Amendment or an analogous provision of the Kentucky or Arizona constitution.

106. The breach of contract claim is barred for lack of consideration.

107. To the extent an enforceable contract between Maddix and Gaston and/or Oak 44 existed, Maddix cannot maintain an unjust enrichment claim arising out of the same relationship.

Respectfully submitted,

/s/ Joshua M. Smith

        Joshua M. Smith
        Jeffrey M. Nye
        Adam P. Stickney
        STAGNARO, SABA &
        PATTERSON CO., L.P.A.
        2623 Erie Avenue
        Cincinnati, Ohio 45208
        (513) 533-6715
        (513) 533-2999 (fax)
        jms@sspfirm.com
        jmn@sspfirm.com
        aps@sspfirm.com`

## CERTIFICATE OF SERVICE

      I certify that a true and accurate copy of the foregoing was served by cm/ecf on all counsel of record.

                                            */s/ Joshua M. Smith*
                                            Joshua M. Smith