**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| OAK 44 PROPERTY MANAGEMENT, LLC | ) | PLAINTIFF |
| | ) | |
| vs. | ) | Case No. 5:24-cv-00063 |
| | ) | |
| STEPHEN WOOD; LEXINGTON 859 SERVICE, LLC; CAYMAN LANE, LLC; PARK 12 PROPERTY MANAGEMENT LLC; 5515, LLC; 5515 HUNT CLUB LN LLC; and | ) ) ) ) ) | DEFENDANTS |
| | ) | |
| JUSTIN MADDIX | ) | DEFENDANT AND THIRD PARTY PLAINTIFF |
| vs. | ) | |
| | ) | |
| JOHN GASTON | ) | THIRD PARTY DEFENDANT |

**\* \* \* \***
**ANSWER AND COUNTERCLAIM**
**\* \* \* \***

**<u>ANSWER</u>**

Come the Defendants, Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC, by counsel, and for their Answer to the Plaintiff's Complaint, hereby state as follows:

**FIRST DEFENSE**

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

1.     These Defendants deny the averments contained in Paragraph 1 of the Plaintiff's Complaint.

1

<u>Parties, jurisdiction, and venue.</u>

2.      These Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 2 of the Plaintiff's Complaint and therefore deny the same.

3.      These Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 3 of the Plaintiff's Complaint and therefore deny the same.

4.      These Defendants admit the averments contained in Paragraph 4 of the Plaintiff's Complaint.

5.      These Defendants deny the averments contained in Paragraph 5 of the Plaintiff's Complaint and affirmatively state that Defendant Stephen Wood ("Wood") is currently a citizen of California.

6.      These Defendants deny so much of the averments contained in Paragraph 6 of the Plaintiff's Complaint that the Defendant LLCs are all either single-member or two-member LLCs and that all members of each Defendant LLC are citizens of Kentucky.  More specifically, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 6(a) of the Plaintiff's Complaint and therefore deny the same.  These Defendants admit the averments contained in Paragraphs 6(b) and 6(c) of the Plaintiff's Complaint.  These Defendants admit so much of the averments contained in Paragraph 6(d) of the Plaintiff's Complaint that Defendant 5515, LLC is a Kentucky limited liability company and that Wood is a manager thereof.  These Defendants admit so much of the averments contained in Paragraph 6(d) of the Plaintiff's Complaint that Dan Rose is a Kentucky citizen in or around Lexington.  These Defendants deny the remaining averments contained in

Paragraph 6(d) of the Plaintiff's Complaint.  These Defendants admit so much of the averments contained in Paragraph 6(e) of the Plaintiff's Complaint that Defendant 5515 Hunt Club Ln LLC is a Kentucky limited liability company, that Wood is a manager thereof and a Kentucky citizen, and that Defendant 5515 Hunt Club Ln has registered the assumed name The Madison Apartments with the Kentucky Secretary of State.  These Defendants deny the remaining averments contained in Paragraph 6(e) of the Plaintiff's Complaint.

7.      The averment contained in Paragraph 7 of the Plaintiff's Complaint calls for a legal conclusion which requires no response from these Defendants.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 7 of the Plaintiff's Complaint and therefore deny the same.

8.      The averment contained in Paragraph 8 of the Plaintiff's Complaint calls for a legal conclusion which requires no response from these Defendants.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 8 of the Plaintiff's Complaint and therefore deny the same.

<u>The scheme generally</u>

9.      These Defendants admit the averments contained in Paragraph 9 of the Plaintiff's Complaint.

10.      These Defendants admit the averments contained in Paragraph 10 of the Plaintiff's Complaint and affirmatively state that the number of persons employed by the Plaintiff Oak 44 Property Management, LLC ("Oak 44") varied over time between 7 and 10.

11.    These Defendants admit so much of the averments contained in Paragraph 11 of the Plaintiff's Complaint that Defendants Justin Maddix ("Maddix") and Wood were supervisory employees of Oak 44 and were authorized to use Oak 44's credit account with American Express.  These Defendants deny the remaining averments contained in Paragraph 11 of the Plaintiff's Complaint and affirmatively state that the credit accounts at Home Depot and Lowes were in the name of Maddix and that Wood never used those accounts.

12.    These Defendants deny the averments contained in Paragraph 12 of the Plaintiff's Complaint.

13.    These Defendants deny the averments contained in Paragraph 13 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 13 of the Plaintiff's Complaint and therefore deny the same.

14.    These Defendants deny the averments contained in Paragraph 14 of the Plaintiff's Complaint.

15.    These Defendants deny so much of the averments contained in Paragraph 15 of the Plaintiff's Complaint that Wood stole money from Oak 44 or otherwise engaged in fraudulent conduct.  These Defendants admit so much of the averments contained in Paragraph 15 of the Plaintiff's Complaint that Wood has returned incorrect charges to Oak 44.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 15 of the Plaintiff's Complaint and therefore deny the same.

16.    These Defendants deny the averments contained in Paragraph 16 of the Plaintiff's Complaint.

4

<u>The Cayman scheme</u>

17.     These Defendants admit the averments contained in Paragraph 17 of the Plaintiff's Complaint.

18.     These Defendants deny so much of the averments contained in Paragraph 18 of the Plaintiff's Complaint that the Cayman Lane home is a "flip" project operated by Maddix. These Defendants admit the remaining averments contained in Paragraph 18 of the Plaintiff's Complaint.

19.     These Defendants admit the averments contained in Paragraph 19 of the Plaintiff's Complaint and affirmatively state that said water heaters were for property managed by Oak 44 located at 101 Eric Ct., Louisville, Kentucky  40219.

20.     These Defendants admit so much of the averments contained in Paragraph 20 of the Plaintiff's Complaint that Wood paid for said water heaters with Oak 44's American Express credit card.  These Defendants deny the remaining averments contained in Paragraph 20 of the Plaintiff's Complaint and affirmatively state that Maddix designated that said water heaters were for properties managed by Oak 44 known as the "Devonport" and "Cambridge" apartment complexes.

21.     These Defendants admit so much of the averments contained in Paragraph 21 of the Plaintiff's Complaint that said water heaters were neither delivered to nor installed at the "Devonport" and "Cambridge" apartment complexes.  These Defendants deny the remaining averments contained in Paragraph 21 of the Plaintiff's Complaint.

22.     These Defendants deny the averments contained in Paragraph 22 of the Plaintiff's Complaint.

23.     These Defendants admit the averments contained in Paragraph 23 of the Plaintiff's Complaint.

24.     These Defendants admit so much of the averments contained in Paragraph 24 of the Plaintiff's Complaint that Wood paid for said fixtures with Oak 44's American Express credit card.   These Defendants deny the remaining averments contained in Paragraph 24 of the Plaintiff's Complaint.

25.     These Defendants admit the averments contained in Paragraph 25 of the Plaintiff's Complaint and affirmatively state that, when brought to Wood's attention, the cost of said fixtures was voluntarily reimbursed to Oak 44 by Wood.

26.     These Defendants admit the averments contained in Paragraph 26 of the Plaintiff's Complaint.

27.     These Defendants admit so much of the averments contained in Paragraph 27 of the Plaintiff's Complaint that Wood paid for said rental with Oak 44's American Express credit card.   These Defendants deny the remaining averments contained in Paragraph 27 of the Plaintiff's Complaint.

28.     These Defendants admit so much of the averments contained in Paragraph 28 of the Plaintiff's Complaint that on or about February 7, 2023 Wood hired Yesier Structural at a cost of $5800 to perform exterior building repair.   These Defendants deny the remaining averments contained in Paragraph 28 of the Plaintiff's Complaint.

29.     These Defendants admit the averments contained in Paragraph 29 of the Plaintiff's Complaint and affirmatively state that said building repair was performed by Yesier Structural on property managed by Oak 44 known as the Ironwood Apartments.

30.     These Defendants admit so much of the averments contained in Paragraph 30 of the Plaintiff's Complaint that on or about May 15, 2023 Wood charged $1267.15 at Lexington Trailer & Hitch to Oak 44's American Express credit card.   These Defendants deny the remaining averments contained in Paragraph 30 of the Plaintiff's Complaint.

31.     These Defendants admit so much of the averments contained in Paragraph 31 of the Plaintiff's Complaint that Wood charged $1267.15 at Lexington Trailer & Hitch to Oak 44's American Express credit card.   These Defendants deny the remaining averments contained in Paragraph 31 of the Plaintiff's Complaint and affirmatively state that said expense was properly chargeable to Wood and when brought to his attention the cost thereof was voluntarily reimbursed to Oak 44 by Wood.

32.     These Defendants admit the averments contained in Paragraph 32 of the Plaintiff's Complaint.

33.     These Defendants admit so much of the averments contained in Paragraph 33 of the Plaintiff's Complaint that Wood hired Black Horse Landscaping at a cost of $4236.60 for landscaping services.   These Defendants deny the remaining averments contained in Paragraph 33 of the Plaintiff's Complaint.

34.     These Defendants admit so much of the averments contained in Paragraph 34 of the Plaintiff's Complaint that Black Horse performed landscaping services at the Cayman Lane house.   These Defendants deny the remaining averments contained in Paragraph 34 of the Plaintiff's Complaint.

35.     These Defendants deny the averments contained in Paragraph 35 of the Plaintiff's Complaint.

36.     These Defendants admit so much of the averments contained in Paragraph 36 of the Plaintiff's Complaint that the cost of the Redmond's Garden Center trees and shrubs and the Black Horse services were charged to Oak 44's American Express credit card.   These Defendants deny the remaining averments contained in Paragraph 34 of the Plaintiff's Complaint and affirmatively state that the expense for said trees, shrubs, and services was properly chargeable to Wood and when brought to Wood's attention the cost thereof was voluntarily reimbursed to Oak 44 by Wood.

37.     These Defendants admit the averments contained in Paragraph 37 of the Plaintiff's Complaint.

38.     These Defendants admit the averments contained in Paragraph 38 of the Plaintiff's Complaint.

39.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 39 of the Plaintiff's Complaint and therefore deny the same.

40.     These Defendants admit the averments contained in Paragraph 40 of the Plaintiff's Complaint.

41.     These Defendants admit the averments contained in Paragraph 41 of the Plaintiff's Complaint.

42.     These Defendants admit so much of the averments contained in Paragraph 42 of the Plaintiff's Complaint that the cost of the said Ferguson invoices was charged to Oak 44's American Express credit card.  These Defendants affirmatively state that Wood instead directed Ferguson to charge the cost of said invoices to his own personal credit card, which billing error was admitted by Ferguson.   These Defendants deny the remaining averments contained in

Paragraph 42 of the Plaintiff's Complaint and affirmatively state that said invoices were properly chargeable to Wood, and when brought to Wood's attention the cost thereof was voluntarily reimbursed to Oak 44 by Wood.

43.     These Defendants admit so much of the averments contained in Paragraph 43 of the Plaintiff's Complaint that none of the Oak 44-managed apartment complexes have units with outdoor kitchens.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 43 of the Plaintiff's Complaint and therefore deny the same.

44.     These Defendants admit so much of the averments contained in Paragraph 44 of the Plaintiff's Complaint that between January and July 2023 Maddix hired Maeser Master Services to perform plumbing services.  These Defendants deny the remaining averments contained in Paragraph 44 of the Plaintiff's Complaint.

45.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 45 of the Plaintiff's Complaint and therefore deny the same.

46.     These Defendants admit so much of the averments contained in Paragraph 46 of the Plaintiff's Complaint that between late June and early August 2023, Wood or hired a company called Stephens Contracting to perform work at the Cayman Lane house.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 46 of the Plaintiff's Complaint and therefore deny the same.

47.     These Defendants admit the averments contained in Paragraph 47 of the Plaintiff's Complaint and affirmatively state that the principal of Stephens Contracting is Ross Stephen.

48.     These Defendants admit so much of the averments contained in Paragraph 48 of the Plaintiff's Complaint that Stephens Contracting's invoices were paid using Oak 44's American Express credit card.  These Defendants deny the remaining averments contained in Paragraph 48 of the Plaintiff's Complaint and affirmatively state that Wood had instead directed Stephens Contracting to charge the cost of said invoices to his own personal credit card, but they were not and when the error was brought to his attention, the cost thereof was voluntarily reimbursed to Oak 44 by Wood.

49.     These Defendants deny so much of the averments contained in Paragraph 49 of the Plaintiff's Complaint that Wood engaged in fraudulent conduct.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 49 of the Plaintiff's Complaint and therefore deny the same.

<u>Other fraud by Maddix and Wood</u>

50.     These Defendants admit the averments contained in Paragraph 50 of the Plaintiff's Complaint.

51.     These Defendants deny the averments contained in Paragraph 51 of the Plaintiff's Complaint and affirmatively state that Maddix is a 50% interest holder in Park 12 Property Management LLC.

52.     These Defendants admit the averments contained in Paragraph 52 of the Plaintiff's Complaint.

10

53.     These Defendants admit the averments contained in Paragraph 53 of the Plaintiff's Complaint.

54.     These Defendants admit so much of the averments contained in Paragraph 54 of the Plaintiff's Complaint that Wood paid Home Depot invoice no. H2307-158825 with Oak 44's American Express credit card.  These Defendants deny the remaining averments contained in Paragraph 54 of the Plaintiff's Complaint.

55.     These Defendants deny the averments contained in Paragraph 55 of the Plaintiff's Complaint.

56.     These Defendants admit the averments contained in Paragraph 56 of the Plaintiff's Complaint.

57.     These Defendants admit so much of the averments contained in Paragraph 57 of the Plaintiff's Complaint that Maddix paid Home Depot invoice no. H2315-171450 with Oak 44's American Express credit card.  These Defendants deny the remaining averments contained in Paragraph 57 of the Plaintiff's Complaint.

58.     These Defendants admit the averments contained in Paragraph 58 of the Plaintiff's Complaint.

59.     These Defendants admit so much of the averments contained in Paragraph 59 of the Plaintiff's Complaint that Wood paid Home Depot invoice no. H2307-170410 with Oak 44's American Express credit card.  These Defendants deny the remaining averments contained in Paragraph 57 of the Plaintiff's Complaint.

60.     These Defendants deny the averments contained in Paragraph 60 of the Plaintiff's Complaint.

61.     These Defendants admit the averments contained in Paragraph 61 of the Plaintiff's Complaint.

62.     These Defendants admit so much of the averments contained in Paragraph 62 of the Plaintiff's Complaint that Wood paid Home Depot invoice no. H2307-170440 with Oak 44's American Express credit card.  These Defendants deny the remaining averments contained in Paragraph 62 of the Plaintiff's Complaint.

63.     These Defendants deny the averments contained in Paragraph 63 of the Plaintiff's Complaint.

64.     These Defendants admit the averments contained in Paragraph 64 of the Plaintiff's Complaint.

65.     These Defendants admit so much of the averments contained in Paragraph 65 of the Plaintiff's Complaint that Wood paid Home Depot invoice nos. H2307-170416 and H2307-170492 with Oak 44's American Express credit card.  These Defendants deny the remaining averments contained in Paragraph 65 of the Plaintiff's Complaint.

66.     These Defendants deny the averments contained in Paragraph 66 of the Plaintiff's Complaint.

67.     These Defendants admit the averments contained in Paragraph 67 of the Plaintiff's Complaint.

68.     These Defendants admit so much of the averments contained in Paragraph 68 of the Plaintiff's Complaint that Wood paid Home Depot invoice no. H2307-173831 with Oak 44's American Express credit card.  These Defendants deny the remaining averments contained in Paragraph 68 of the Plaintiff's Complaint, and affirmatively state that said expense was properly

chargeable to Wood and when brought to his attention the cost thereof was voluntarily reimbursed to Oak 44 by Wood.

69.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 69 of the Plaintiff's Complaint and therefore deny the same.

70.     These Defendants admit the averments contained in Paragraph 70 of the Plaintiff's Complaint and affirmatively state that Wood did not instruct Home Depot to designate the job description as Madison.

71.     These Defendants admit the averments contained in Paragraph 71 of the Plaintiff's Complaint.

72.     These Defendants admit the averments contained in Paragraph 72 of the Plaintiff's Complaint.

73.     These Defendants deny the averments contained in Paragraph 73 of the Plaintiff's Complaint, and affirmatively state that Maddix purchased the items on Home Depot invoice no. H2303-222930.

74.     These Defendants deny so much of the averments contained in Paragraph 74 of the Plaintiff's Complaint that Wood paid Home Depot invoice no. H2303-222930 with Oak 44's American Express credit card.   These Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 74 of the Plaintiff's Complaint and therefore deny the same.

75.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 75 of the Plaintiff's Complaint and therefore deny the same.

76. These Defendants admit the averments contained in Paragraph 76 of the Plaintiff's Complaint.

77. These Defendants admit the averments contained in Paragraph 77 of the Plaintiff's Complaint, and affirmatively state that that said expense was properly chargeable to Wood and when brought to his attention the cost thereof was voluntarily reimbursed to Oak 44 by Wood.

78. These Defendants admit the averments contained in Paragraph 78 of the Plaintiff's Complaint.

79. These Defendants deny so much of the averments contained in Paragraph 79 of the Plaintiff's Complaint insofar as they pertain to Wood. These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 79 of the Plaintiff's Complaint and therefore deny the same.

80. These Defendants deny the averments contained in Paragraph 80 of the Plaintiff's Complaint insofar as they pertain to Wood. These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 80 of the Plaintiff's Complaint and therefore deny the same.

81. These Defendants admit so much of the averments contained in Paragraph 81 of the Plaintiff's Complaint that, from time to time, Oak 44 employees did work for Park 12 Property Management, at Park 12 Property Management's cost.. These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 81 of the Plaintiff's Complaint and therefore deny the same.

<u>The Primrose Circle house</u>

82.     Upon information and belief, at least some of the purchases charged to Oak 44 by Maddix or Wood were actually for goods or services for Maddix's home at 202 Primrose Circle, Richmond, Kentucky.

These Defendants deny the averments contained in Paragraph 82 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 82 of the Plaintiff's Complaint and therefore deny the same.

<u>The Lexington 859 scheme</u>

83.     These Defendants admit the averments contained in Paragraph 83 of the Plaintiff's Complaint.

84.     The averments contained in Paragraph 84of the Plaintiff's Complaint are directed towards parties other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 84 of the Plaintiff's Complaint and therefore deny the same.

85.     The averments contained in Paragraph 85 of the Plaintiff's Complaint are directed towards a party other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 85 of the Plaintiff's Complaint and therefore deny the same.

86.     The averments contained in Paragraph 86 of the Plaintiff's Complaint are directed towards a party other than these Defendants, and as such, no response is required.  To

the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 86 of the Plaintiff's Complaint and therefore deny the same.

87.     The averments contained in Paragraph 87 of the Plaintiff's Complaint are directed towards parties other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 87 of the Plaintiff's Complaint and therefore deny the same.

88.     The averments contained in Paragraph 88 of the Plaintiff's Complaint are directed towards a party other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 88 of the Plaintiff's Complaint and therefore deny the same.

89.     The averments contained in Paragraph 89 of the Plaintiff's Complaint are directed towards parties other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 89 of the Plaintiff's Complaint and therefore deny the same.

90.     The averments contained in Paragraph 90 of the Plaintiff's Complaint are directed towards a party other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 90 of the Plaintiff's Complaint and therefore deny the same.

91.     The averments contained in Paragraph 91 of the Plaintiff's Complaint are directed towards parties other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 91 of the Plaintiff's Complaint and therefore deny the same.

92.     The averments contained in Paragraph 92 of the Plaintiff's Complaint are directed towards parties other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 92 of the Plaintiff's Complaint and therefore deny the same.

93.     The averments contained in Paragraph 93 of the Plaintiff's Complaint are directed towards parties other than these Defendants, and as such, no response is required.  To the extent a response is required, however, these Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 93 of the Plaintiff's Complaint and therefore deny the same.

94.     These Defendants deny the averments contained in Paragraph 94 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 94 of the Plaintiff's Complaint and therefore deny the same.

**Count One – Fraud**

95.     These Defendants deny the averments contained in Paragraph 95 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient

knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 95 of the Plaintiff's Complaint and therefore deny the same.

96.     These Defendants deny the averments contained in Paragraph 96 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 96 of the Plaintiff's Complaint and therefore deny the same.

97.     These Defendants deny the averments contained in Paragraph 97 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 97 of the Plaintiff's Complaint and therefore deny the same.

98.     These Defendants deny the averments contained in Paragraph 98 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 98 of the Plaintiff's Complaint and therefore deny the same.

99.     These Defendants deny the averments contained in Paragraph 99 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 99 of the Plaintiff's Complaint and therefore deny the same.

100.     These Defendants deny the averments contained in Paragraph 100 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 100 of the Plaintiff's Complaint and therefore deny the same.

101.     These Defendants deny the averments contained in Paragraph 101 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 101 of the Plaintiff's Complaint and therefore deny the same.

### Count Two – Breach of Fiduciary Duty

102.     The averment contained in Paragraph 102 of the Plaintiff's Complaint calls for a legal conclusion which requires no response from these Defendants.  To the extent a response is required, however, these Defendants deny the averments contained in Paragraph 102 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 102 of the Plaintiff's Complaint and therefore deny the same.

103.     These Defendants deny the averments contained in Paragraph 103 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 102 of the Plaintiff's Complaint and therefore deny the same.

104.     These Defendants deny the averments contained in Paragraph 104 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 104 of the Plaintiff's Complaint and therefore deny the same.

105.     These Defendants deny the averments contained in Paragraph 105 of the Plaintiff's Complaint insofar as they pertain to Wood.  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 105 of the Plaintiff's Complaint and therefore deny the same.

## Count Three – Unjust Enrichment

106.     These Defendants deny the averments contained in Paragraph 106 of the Plaintiff's Complaint insofar as they pertain to them.

107.     These Defendants deny the averments contained in Paragraph 107 of the Plaintiff's Complaint insofar as they pertain to them.

108.     These Defendants deny the averments contained in Paragraph 108 of the Plaintiff's Complaint insofar as they pertain to them.

109.     These Defendants deny the averments contained in Paragraph 109 of the Plaintiff's Complaint insofar as they pertain to them.

110.     These Defendants deny the averments contained in Paragraph 110 of the Plaintiff's Complaint insofar as they pertain to them.

## Count Four – Aiding and Abetting

111.     These Defendants deny the averments contained in Paragraph 111 of the Plaintiff's Complaint insofar as they pertain to them.

112.     These Defendants deny the averments contained in Paragraph 112 of the Plaintiff's Complaint insofar as they pertain to them.

113.     These Defendants deny the averments contained in Paragraph 113 of the Plaintiff's Complaint insofar as they pertain to them.

114.     These Defendants deny the averments contained in Paragraph 114 of the Plaintiff's Complaint insofar as they pertain to them.

## Count Five – Civil Conspiracy

115.     These Defendants deny the averments contained in Paragraph 115 of the Plaintiff's Complaint insofar as they pertain to them.

116.    These Defendants deny the averments contained in Paragraph 116 of the Plaintiff's Complaint insofar as they pertain to them.

117.    These Defendants deny the averments contained in Paragraph 117 of the Plaintiff's Complaint insofar as they pertain to them.

118.    These Defendants deny the averments contained in the *ad damnum* clause of the Plaintiff's Complaint and affirmatively state that Oak 44 is not entitled to any of the relief sought therein.

119.    All averments contained in the Plaintiff's Complaint that are not expressly admitted herein are hereby denied.

### THIRD DEFENSE

These Defendants affirmatively plead and assert that, insofar as the averments contained in Paragraphs 9 through 81 of the Plaintiff's Complaint pertain to them, they affirmatively plead and assert that any untrue representations made by them to the Plaintiff were simply mistakes and not intentionally made with the intent to deceive.

### FOURTH DEFENSE

The Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

The Plaintiff's Complaint fails to join necessary and indispensable parties.

### SIXTH DEFENSE

The Plaintiff's Complaint is barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, estoppel, laches, collateral estoppel, issue preclusion, res judicata, and/or assumption of the risk.

**SEVENTH DEFENSE**

The Plaintiff's Complaint is barred by the Plaintiff's failure to mitigate or reduce its alleged damages, if any.

**EIGHTH DEFENSE**

This Court lacks subject matter jurisdiction over the Plaintiff's Complaint filed herein.

**NINTH DEFENSE**

These Defendants affirmatively plead and assert that the Plaintiff, as an administratively dissolved and defunct entity, is not the real party in interest and it lacks standing and authority to pursue this action.

**TENTH DEFENSE**

These Defendants affirmatively plead and assert Wood's right to arbitrate the dispute under the Oak 44 operating agreement.

**ELEVENTH DEFENSE**

One or more of the Plaintiff's claims are barred by its prior material breach of the parties' operating agreement.

**TWELFTH DEFENSE**

These Defendants contend that any recovery by the Plaintiff be offset by the amount owed as a result of the Plaintiff's wrongful actions including, but not limited to, the placement of personal charges by Gaston on the Oak 44 American Express credit card that were allocated to and paid by entities managed by Oak 44 and/or Gaston which were owned or controlled by Wood and, despite demand, were never reimbursed from the period from August 2020 through the present.

### THIRTEENTH DEFENSE

The Plaintiff's Complaint is barred, in whole or in part, by the Plaintiff's general allegations regarding alleged acts of fraud that fail to specifically identify the acts of these Defendants that comprise such claim and do not provide these Defendants with sufficient knowledge of the allegations to provide a viable defense.

### FOURTEENTH DEFENSE

The damages alleged in the Plaintiff's Complaint were the direct and proximate cause of the sole and/or comparative negligence of the Plaintiff, other parties hereto for which these Defendants have no responsibility or control, and/or persons or entities not presently parties to this lawsuit.  Accordingly, these Defendants are entitled to contribution, apportionment, and indemnity.

### FIFTEENTH DEFENSE

To the extent an enforceable contract between Oak 44 and Wood existed, Oak 44 cannot maintain an unjust enrichment claim arising out of the same relationship.

### SIXTEENTH DEFENSE

The Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, and by §§ 2 and 14 of the Kentucky Constitution.

### SEVENTEENTH DEFENSE

These Defendants affirmatively plead all other defenses and affirmative defenses available to it under the common law, Federal Rules of Civil Procedure, and the statutes of

Kentucky and the United States of America and those asserted by other Defendants where applicable.

## EIGHTEENTH DEFENSE

These Defendants reserve the right to amend this Answer or to assert any additional defenses, including affirmative defenses, crossclaims, and counterclaims, as the grounds for the same might be discovered during discovery of this matter.

**WHEREFORE**, the Defendants, Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC pray the Court as follows:

1.      That the Plaintiff's Complaint against them be dismissed and held for naught;

2.      For a trial by jury;

3.      For their costs and expenses herein expended, including a reasonable attorney fee; and

4.      For any and all other relief to which they may be properly entitled.

## <u>COUNTERCLAIM</u>

Come the Defendants, Stephen Wood and Cayman Lane, LLC, by counsel, and for their Counterclaim against the Plaintiff, Oak 44 Property Management, LLC, hereby state as follows:

## PARTIES, JURISDICTION AND VENUE

1.      The Defendant Stephen Wood ("Wood") is a resident and domiciliary of the state of California.

2.      The Defendant Cayman Lane, LLC ("Cayman Lane") is a Kentucky limited liability company whose sole member is Wood.

3.      The Plaintiff Oak 44 Property Management, LLC is an administratively dissolved and defunct Wyoming limited liability company.  Upon information and belief, John Gaston

24

("Gaston") is the sole member of Oak 44 Property Management, LLC and is a resident and domiciliary of the state of Arizona.

4.     Jurisdiction is proper pursuant to 28 USC §1367(a) as the Counterclaim asserted herein arises from the same case and controversy as the allegations brought by the Plaintiff in its Complaint.

5.     Venue is proper in this district under 28 USC §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## AVERMENTS COMMON TO ALL COUNTS

### Formation and Dissolution of Oak 44

6.     On or about August 21, 2020, Oak 44 Capital Property Management, LLC was formed by the filing of Articles of Organization with the Wyoming Secretary of State.  A true and exact copy of those Articles of Organization is attached hereto as Exhibit 1.

7.     The business purpose for which Oak 44 Capital Property Management, LLC was formed was to manage real properties owned by others located in Louisville and Lexington, Kentucky.

8.     On or about October 26, 2020, Oak 44 Capital Property Management, LLC changed its name to Oak 44 Property Management, LLC ("Oak 44") by the filing of an Amendment to Articles of Organization with the Wyoming Secretary of State.  A true and exact copy of those Articles of Organization is attached hereto as Exhibit 2.

9.     On or about August 2, 2021, Oak 44 received a notice of delinquency from the Wyoming Secretary of State for failure to pay an annual fee due under Wyoming law.  When Oak 44 failed to timely cure that deficiency, it was deemed defunct and to have forfeited its

Articles of Organization by operation of Wyoming law.  A true and exact copy of the Wyoming

Secretary of State's Detail Page for Oak 44 is attached hereto as <u>Exhibit 3</u>.

10.     Pursuant to Wyoming law, Oak 44 was eligible to reinstate its Wyoming franchise

by the filing of an Application for Certificate of Reinstatement, but only within the two (2) year

period from the date of its uncured deficiency.

11.     Oak 44 failed to timely reinstate its Wyoming franchise and, on or about October

9, 2021, its administrative dissolution by the Wyoming Secretary of State became effective and it

became defunct by operation of Wyoming law.  *See* <u>Exhibit 3</u>

12.     At all times while Oak 44 was in good standing, Gaston was the sole member

thereof.

13.     Since October 9, 2021, Oak 44 has been disqualified from conducting any

business other than winding up its affairs.  Gaston, as the sole member acting on behalf of the

dissolved and legally defunct Oak 44, is personally responsible for the legal duties and

obligations incurred in the name of Oak 44 and is personally liable for its debts.

<u>Employment Relationship  Between Wood and Oak 44 and/or Gaston</u>

14.     Wood was employed by Oak 44 and/or Gaston to manage the day-to-day

operations of Oak 44's property management obligations to those properties under management

by Oak 44.

15.     Wood had an oral employment contract with Oak 44 and/or Gaston to serve a

supervisory role, overseeing other employees of Oak 44 and/or Gaston and their property

management duties.

16.     The agreed monthly salary to be paid to Wood for his employment services was

$5,000.00.

17.     Wood continued to provide his employment services to Oak 44 and/or Gaston through February of 2024 before being terminated.

18.     Oak 44 and/or Gaston failed to pay Wood his wage for the months of January and February 2024, amounting to $9,000.00.

The <em>Lis Pendens</em>

19.     On March 4, 2024, Oak 44 brought claims against all of the Defendants alleging, among other things, fraudulent use of Oak 44 credit facilities by Wood and Maddix (the "Complaint").

20.     Simultaneously with the filing of its Complaint on March 4, 2024, Oak 44, through counsel, placed a *lis pendens* of record ("*Lis Pendens*") on the real property owned by Cayman Lane located at 3660 Cayman Lane, Lexington, Kentucky 40509 ("Property") without having the requisite legal interest to do so.  The *Lis Pendens* appears of record in the Fayette County Court Clerk's Office in Encumbrance Book 814, Page 424.  A true and exact copy of the *Lis Pendens* is attached hereto as Exhibit 4.

21.     At the time the *Lis Pendens* was recorded, the Property was under contract for sale for the purchase price of $1,300,000.00 ("Purchase Contract").  A true and exact copy of the Purchase Contract is attached hereto as Exhibit 5.

22.     Oak 44 and Gaston were aware that the Property was under contract for sale at the time the Complaint was filed and the *Lis Pendens* was recorded.

23.     Following the placement of the *Lis Pendens*, Oak 44 and/or Gaston directly contacted the buyers of the Property ("Buyers") and the title company handling the closing of the Property, and over the course of two (2) weeks, had multiple conversations with Buyers with the purpose of frustrating the sale of the Property.

24.     Upon information and belief, Oak 44 and/or Gaston made false statements to the Buyers regarding Oak 44's potential interest in the Property.

25.     The Buyers ultimately did not purchase the Property due to the improperly recorded *Lis Pendens* and the communications and assertions made by Oak 44 and/or Gaston to the Buyers.

26.     Further attempts by Cayman Lane have been made to sell the Property, but have been similarly queered due to the improperly recorded *Lis Pendens* clouding title to the Property.

## COUNT I

## INTENTIONAL/NEGLIGENT MISREPRESENTATION

27.     Wood and Cayman Lane repeat, re-assert, re-allege and incorporate herein by reference all of the foregoing paragraphs as if the same were set forth in full herein.

28.     Since October 9, 2021, when Oak 44 became a defunct entity under Wyoming law, Oak 44 and/or Gaston have continued to hold Oak 44 out and have intentionally or negligently misrepresented to Wood and Cayman Lane through their actions and conduct, that Oak 44 was in good standing under Wyoming law and was duly authorized to enter into the employment contract with Wood as an employee, commence and prosecute this legal action, place the *Lis Pendens* against the Property, and/or communicate directly with the Buyers with respect to the sale of the Property.

29.     Since October 9, 2021, when Oak 44 became a defunct entity under Wyoming law, Oak 44 and/or Gaston have suppressed, concealed, or omitted from Wood and Cayman Lane that Oak 44 was administratively dissolved and defunct under Wyoming law and was not authorized to enter into the employment contract with Wood as an employee, commence and prosecute this legal action, place the *Lis Pendens* against the Property, and/or communicate

directly with the Buyers with respect to the sale of the Property.  Oak 44 and Gaston were under a legal or equitable obligation to communicate said facts to Wood and Cayman Lane, who were entitled to have those facts communicated to them.

30.     The foregoing misrepresentations and/or omissions by Oak 44 and/or Gaston were material, knowingly or negligently false, and were intended to induce reliance by the Counterclaim Plaintiffs.

31.     The Counterclaim Plaintiffs did in fact rely upon the foregoing misrepresentations and/or omissions by Oak 44 and/or Gaston.

32.     The Counterclaim Plaintiffs were damaged as a direct result of Oak 44 and Gaston's materially false misrepresentations and/or omissions in an amount to be determined at trial.

33.     Because of Oak 44 and/or Gaston's intentional or negligent misrepresentations and omissions as to Wood and Cayman Lane, they are entitled to an award of punitive damages and attorney fees under KRS §411.184(2), the common law, and/or any other relevant statute or doctrine.

## COUNT II

## SLANDER OF TITLE

34.     Cayman Lane repeats, re-asserts, re-alleges and incorporates herein by reference all of the foregoing paragraphs as if the same were set forth in full herein.

35.     Oak 44 and/or Gaston, in communications with the Buyers and by recording the improper *Lis Pendens*, knowingly and maliciously made false statements regarding Oak 44's alleged interest in the Property.

36.     As a direct result of these false statements by Oak 44 and/or Gaston and the improperly recorded *Lis Pendens*, Cayman Lane suffered special damages in the form of the loss of the sale of the Property to the Buyers.

37.     As a direct result of the improperly recorded *Lis Pendens*, Cayman Lane has been unable to sell the Property and continues to suffer damages.

**COUNT III**

**TORTIOUS INTERFERENCE WITH CONTRACT**

38.     Cayman Lane repeats, re-asserts, re-alleges and incorporates herein by reference all of the foregoing paragraphs as if the same were set forth in full herein.

39.     Cayman Lane contracted with the Buyers, pursuant to the Purchase Contract, to sell the Property.

40.     Oak 44 and/or Gaston were aware Cayman Lane and the Buyers were under contract to purchase the Property.

41.     Through the filing of the improper *Lis Pendens* and communications by Oak 44 and/or Gaston directly with Buyers, Oak 44 and/or Gaston maliciously intended to frustrate the sale of the Property to the Buyers and such actions by Oak 44 and/or Gaston directly caused Cayman Lane's loss of the sale of the Property to the Buyers.

42.     Oak 44 and/or Gaston have no privilege or excuse for improperly filing the *Lis Pendens* and otherwise making false statements to the Buyers regarding Oak 44's interest in the Property.

43.     Cayman Lane has suffered damages and continues to suffer damages as a direct result of Oak 44 and/or Gaston's improper recording of the *Lis Pendens* and making false statements to the Buyers.

**COUNT IV**

**BREACH OF CONTRACT**

44.     Wood repeats, re-asserts, re-alleges and incorporates herein by reference all of the foregoing paragraphs as if the same were set forth in full herein.

45.     Oak 44 and/or Gaston were bound by a valid and enforceable employment contract in which Wood would provide services and in return would be paid a monthly wage of $5,000.00.

46.     Wood provided employment services to Oak 44 and/or Gaston for the months of January and February 2024 for which Oak 44 and/or Gaston failed and refused to pay, thereby breaching the employment contract.

47.     As a direct result of Oak 44 and/or Gaston's breach of the employment contract in failing to pay Wood his wages for services rendered, Wood has been damaged and is entitled to recover from Oak 44 all costs incurred as a result of Oak 44 and/or Gaston's breach.

**WHEREFORE**, the Defendants Wood and Cayman Lane request the following relief:

1.     Judgment for Wood and Cayman Lane and against Oak 44 and/or Gaston on Count I for intentional/negligent misrepresentation, including an award of  punitive damages in an amount intended to punish Oak 44 and/or Gaston for their negligent or intentional conduct and to deter others from committing similar acts;

2.     Judgment for Cayman Lane and against Oak 44 and/or Gaston on Count II for slander of title to the Property;

3.     Judgment for Cayman Lane and against Oak 44 and/or Gaston on Count III for tortious interference with contract regarding the sale of the Property to the Buyers;

4.      Judgment for Wood and against Oak 44 and/or Gaston on Count IV for breach of contract regarding the employment contract;

5.      Their costs and attorneys' fees which Wood and Cayman Lane are entitled to recover at law or in equity;

6.      A trial by jury on all issues so triable; and

7.      Any and all such further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/James M. Mooney
Dan M. Rose, Esq.
J. Wesley Harned, Esq.
James M. Mooney, Esq.
ROSE CAMENISCH STEWART PLLC
326 South Broadway
Lexington, Kentucky  40508
Phone: (859) 721-2100
E-mail:dan.rose@rcsmlaw.com
        wes.harned@rcsmlaw.com
        jim.mooney@rcsmlaw.com

Attorneys for Defendants, Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Court's E-Filing System on May 24, 2024, which serves an electronic copy to the following:

Joshua M. Smith, Esq.
Jeffrey M. Nye, Esq.
Adam P. Stickney, Esq.
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio  45208

James O'Toole, Esq.
SMITH, O'TOOLE & BROOKE
3080 Harrodsburg Road., #101
Lexington, Kentucky  40503

George Rikos, Esq.
555 West Beech Street, #500
San Diego, California  92101

/s/James M. Mooney
James M .Mooney

Attorney for Defendants, Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC