UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Oak 44 Property Management, LLC<br><br>Plaintiff<br>v.<br><br>Justin Maddix, et al.<br><br>Defendants. | **Case no. 5:24-cv-0063**<br><br>**Judge Caldwell**<br><br>**OAK 44 AND JOHN GASTON'S (1) MOTION TO DISMISS COUNT ONE OF WOOD/CAYMAN LANE COUNTERCLAIM (DOC. 37) AND (2) MOTION FOR JUDGMENT ON PLEADINGS AS TO COUNT SIX OF MADDIX COUNTERCLAIM (DOC. 27)** |

Counterclaim defendants Oak 44 Property Management LLC and John Gaston move to dismiss count one of the counterclaim brought by Stephen Wood and Cayman Lane LLC (doc. 37) for failure to state a claim upon which relief can be granted. Oak 44 and Gaston also move for judgment on the pleadings as to count six of the counterclaim brought by Justin Maddix (doc. 27)

The Wood and Cayman Lane counterclaim (doc. 37 at Page ID# 414-415) asserts a claim for negligent misrepresentation based on the alleged failure of Oak 44 and Gaston to disclose that the Wyoming Secretary of State had administratively dissolved Oak 44 due to failure to timely file paperwork. This claim must be dismissed under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted under Kentucky law, for at least three reasons. First, the tort of negligent misrepresentation includes an element that a person must have made an affirmative misrepresentation to

1

the claimant. But the counterclaim alleges only an *omission*. An omission is not a misrepresentation and does not satisfy that element of a negligent misrepresentation claim. Second, neither Wood nor Cayman Lane are in the class of persons to whom the tort offers protection. They did not rely on the alleged misrepresentation for, or suffer pecuniary damages in, any business transaction. Third, to the extent that count one alleges an "intentional" misrepresentation, that is actually a "fraud" claim, and the counterclaim fails to allege all essential elements of fraud at all, let alone with the particularity required by Rule 9(b).

The Maddix counterclaim (doc. 27 at Page ID# 226-227) alleges that Gaston has defamed Maddix via the statements made in the complaint (doc. 1). Gaston is entitled to judgment as a matter of law on this claim because statements made in a pleading are unqualifiedly protected by the judicial statements privilege.

I. **The relevant facts.**

As relevant to this motion, the complaint alleges that plaintiff Oak 44 Property Management LLC (a Wyoming LLC) is in the business of apartment-complex management, *see* doc. 1 at ¶9, and that defendants Stephen Wood and Justin Maddix worked for Oak 44 in that field. *See id.* at ¶10-11. Broadly speaking, the complaint also alleges that beginning in 2021 and continuing until shortly before the filing of the complaint, Wood and Maddix engaged in a scheme to defraud Oak 44 by (among other things) charging to Oak 44 accounts a large number of purchases that were actually for

2

the benefit of either Wood and Maddix personally, or for the benefit of other entities of which Wood or Maddix were owners or employees. One of those entities was defendant Cayman Lane LLC, which owns a single-family home that Wood and Maddix were renovating and selling beginning no later than the spring of 2023 (by using, according to the complaint, goods and services that were charged to Oak 44's accounts). *See* doc. 1 at ¶17-22 (generally) and ¶23-49 (specifics).

Wood and Cayman Lane filed an answer and counterclaim (doc. 37). They allege that Oak 44 recorded a deficient notice of lis pendens against the Cayman Lane "Property" after filing the complaint, *see* doc. 37 at ¶20 and doc. 37-4, and spoke directly to the prospective "Buyers" of the Cayman Lane Property about the lawsuit and the lis pendens. *Id.* at ¶22-23.

Wood and Cayman Lane also allege that the Oak 44 LLC had been administratively dissolved in the fall of 2021 by the Wyoming Secretary of State due to a failure to file its annual paperwork, *see* doc. 37 at ¶11 and doc. 37-3, and that neither Oak 44 nor its principal, Gaston,[1] disclosed that information to either Wood or Cayman Lane. *See* doc. 37 at ¶28-29. Count one of that counterclaim alleges a negligent misrepresentation based on Oak 44 and Gaston's alleged failure to disclose to Wood and Cayman Lane that Oak 44 had been administratively dissolved. *Id.*

---

[1] Gaston was not originally a party to the case. He was added as a party when the first counterclaim was filed.

3

Maddix also filed an answer and counterclaim (doc. 27), and he alleged that Gaston had defamed Maddix by virtue of a Kentucky.com article that repeated the allegations of the complaint. *See* doc. 27 at ¶83-90. A copy of that article is attached to this brief for the Court's convenience. *See* Jeffrey Nye Declaration (attached).

## II. Wood and Cayman Lane have failed to state a claim for negligent misrepresentation.

A pleading fails to state a claim upon which relief can be granted if it does not plausibly allege an essential element of the claim. *See Smith v. General Motors LLC*, 988 F.3d 873, 877 (CA6 2021). ("To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"). *See also Ryan v. Blackwell*, 979 F. 3d 519, 524 (CA6 2020) ("A [pleading] must contain enough 'factual matter' to raise a 'plausible' inference of wrongdoing.").

While factual allegations must be accepted as true and should be liberally construed, the Court cannot accept or presume the accuracy of legal conclusions. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (CA6 2020).

This diversity action is governed by the substantive law of Kentucky. *See Smith*, 988 F.3d at 879.

Count one of the Wood and Cayman Lane counterclaim does not contain factual allegations going to each element of a negligent misrepresentation claim.

### A. Negligent misrepresentation requires an affirmative false statement; implications and omissions do not suffice.

The essence of count one of Wood and Cayman Lane's counterclaim is the allegation that Oak 44 and its principal, Gaston, failed to inform Wood and Cayman Lane that the Wyoming Secretary of State had administratively dissolved Oak 44. More specifically, ¶28 alleges that Oak 44 and Gaston *implied*, "through their actions and conduct," that Oak 44 had not been dissolved, and ¶29 alleges that Oak 44 and Gaston "suppressed, concealed, or omitted" the information that Oak 44 had been administratively dissolved. *See* doc. 37 at Page ID# 414-415, ¶28-29. There is no allegation in the counterclaim that either Oak 44 or Gaston *affirmatively* represented anything at all to Wood or Cayman Lane about Oak 44's standing with the Wyoming Secretary of State.

The Kentucky Supreme Court has adopted the Restatement's definition of negligent misrepresentation. One element of that claim is that a person has "supplie[d] false information for the guidance of others in their business transactions." *Presnell Const. Mgmt v. EH Constr.*, 134 S.W.3d 575, 580 (Ky. 2004). In a subsequent case, the Kentucky Supreme Court explained that only *affirmative* misrepresentations will do, and that implicit representations or omissions will not: "negligent misrepresentation requires an affirmative false statement." *Giddings & Lewis v. Industrial Risk*, 348 S.W.3d 729, 746 (Ky. 2011) (also rejecting "implicit representations"). *Giddings* favorably cited and quoted the Western District of Kentucky in *Republic Bank & Trust Co. v. Bear, Stearns*

5

*& Co.*, 707 F.Supp.2d 702, 714 (W.D.Ky.2010), to say that "this tort requires an affirmative false statement; a mere omission will not do."

Because the counterclaim alleges only implications or omissions, and not an "affirmative false statement," *Giddings*, it fails to state a claim for negligent misrepresentation under Kentucky law, and it must be dismissed under Rule 12(b)(6).

> **B. Even if implications or omissions qualified as misrepresentations, Wood and Cayman Lane have not alleged any misrepresentation in connection with a business transaction that caused them pecuniary loss.**

Even if Kentucky law allowed omissions to serve as the basis for a negligent misrepresentation claim, Oak 44 and Gaston are still entitled to judgment as a matter of law on this claim.

Negligent misrepresentation is exclusively a business tort: the misrepresentation must be information that is conveyed "for the guidance of others in their *business transactions*." *Presnell*, 134 S.W.3d at 580 (emphasis added). A negligent misrepresentation claimant must also allege that they suffered a "pecuniary loss caused to them by" the misrepresentation, *id.*, that the claimant is a person "for whose benefit and guidance" the information was supplied, *id.*, and that the loss was suffered through the claimant's reliance on it in a transaction that the alleged tortfeasor "intend[ed] the information to influence." *Id.* Wood and Cayman Lane cannot satisfy one or more of these elements.

Paragraphs 28 and 29 of the counterclaim allege that the bases of the negligent misrepresentation claim were the "commence[ment] and prosecut[ion] of this legal action," the "place[ment of] the *Lis Pendens* against the Property," and Oak 44 and/or Gaston's "communicat[ion] directly with the Buyers with respect to the sale of the Property," and also Wood's agreement to be employed by Oak 44.

None of these are business transactions in which the claimant suffered pecuniary loss based on having relied on information from Oak 44 or Gaston that was supplied for the claimant's benefit and guidance. The "commence[ment] and prosecut[ion] of this legal action" is not a business transaction at all, and filing the complaint did not involve the provision of information by Oak 44 or Gaston to Wood or Cayman Lane for their "benefit and guidance" The same is true of the filing of the lis pendens notice, which was (per doc. 37 at ¶20) accomplished by filing the notice with the Fayette County Clerk's Office; that is not a business transaction, no information was conveyed to Wood or Cayman Lane for their benefit and guidance in business, and indeed neither Wood nor Cayman Lane were even involved in that set of events. So too the alleged communication directly with the Buyers of the Property; ipso facto, any communication between Oak 44 or Gaston and *the Buyers* is not a communication between Oak 44 or Gaston and Wood or Cayman Lane. Wood's employment also does not satisfy the elements of a negligent misrepresentation claim because even if it were a business

7

transaction,[2] there are no allegations in the counterclaim that show that Wood relied on Oak 44's status with the Wyoming Secretary of State, and there are no allegations in the counterclaim that show that Wood suffered any pecuniary loss "caused to him by" having been misled about Oak 44's status with the Wyoming Secretary of State. There is no factual allegation which, if proven, would tend to show that the precise corporate form and status of Oak 44 was in any way material to Wood's employment, which had started a year before the alleged administrative dissolution.

On top of all this, Wood and Cayman Lane have a standing problem with this claim. As the Supreme Court unanimously said in *FDA v. Alliance for Hippocratic Medicine* (case no. 23-235, decided June 13, 2024, slip opinion available at https://www.supremecourt.gov/opinions/23pdf/23-235_n7ip.pdf), "Article III requires a [claimant] to first answer a basic question: ''What's it to you?''" *Alliance for Hippocratic Medicine* at slip op. 6. A claimant "cannot be a mere bystander, but instead must have a 'personal stake' in the dispute." *Id.* There are no factual allegations in the counterclaim that identify any "personal stake" that Wood or Cayman Lane has in matters of corporate governance or personhood of Oak 44. Neither Wood nor Cayman Lane is alleged to be a member, director, or officer of Oak 44, for example. In short, Oak 44's alleged failure to file an annual report with the Secretary of State is a matter to which

---

[2] Oak 44 and Gaston are not aware of any cases in which a court has held that an employment relationship qualifies as a "business transaction" for negligent misrepresentation purposes.

8

Wood and Cayman Lane are strangers. It has no effect on them and does not give rise to any claim for them. They have no standing.

Because the counterclaim does not allege facts going to each of the elements of a negligent misrepresentation claim, and because Wood and Cayman Lane do not have standing to assert any claim based on Oak 44's corporate status, Oak 44 and Gaston are entitled to judgment as a matter of law on the negligent misrepresentation claim.

### C. "Intentional" misrepresentation is a fraud claim, and the counterclaim does not adequately plead fraud.

Within count one of the counterclaim, Wood and Cayman Lane twice refer to the misrepresentations as "intentional or negligent" misrepresentations. *See* doc. 37 at ¶28, 33.

Intentional and negligent misrepresentations are different claims. An *intentional* misrepresentation is the sine qua non of a claim for *fraud*, not negligent misrepresentation. Where a claim for fraud is based on an omission, the claimant must plead "a) that the defendants had a duty to disclose that fact; b) that defendants failed to disclose that fact; c) that the defendants' failure to disclose the material fact induced the plaintiff to act; and (d) that the plaintiff suffered actual damages." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. App. 2003).

"Fraud by omission is grounded in a duty to disclose." *Yung v. Thornton*, 563 S.W.3d 22, 45 n.27 (Ky. 2018). It is bedrock law that "A duty to disclose facts is created only where a confidential or fiduciary relationship between the parties exists, or when a

9

statute imposes such a duty, or when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure." *Rivermont*, 113 S.W.3d at 641, citing *Dennis v. Thomson*, 43 S.W.2d 18 (Ky. 1931).

A party making a fraud-by-omission claim must plead the facts giving rise to the duty to disclose with the same particularity required of all other elements of a fraud claim. *See* Fed. R. Civ. P. 9(b). *See also Smith*, 988 F.3d at 883 ("To satisfy Rule 9(b), the plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury.")

Wood and Cayman Lane's counterclaim alleges no facts that would create a duty on behalf of Oak 44 or Gaston to disclose the fact of Oak 44's administrative dissolution. There is no allegation that Cayman Lane has any direct relationship of any kind with Oak 44 or Gaston. There is no allegation that Oak 44 or Gaston owes to Wood any confidential or fiduciary duties (rather than merely being Wood's employer[3]). There is no allegation that there is any statutory duty to disclose, and there is no allegation that Oak 44 or Gaston made a partial disclosure that was misleading by virtue of its incompleteness. Without any facts having been pleaded to show the existence of a duty

---

[3] If anything Wood, as a supervisory employee for Oak 44, may owe heightened duties to Oak 44—not the other way around.

10

to disclose, the counterclaim fails to state a claim for fraud by omission, and must be dismissed.

### III. Gaston is entitled to judgment on the pleadings on Maddix's defamation claim because the statements are protected by the judicial statements privilege.

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)"—i.e., factual allegations are presumed to be true, legal conclusions are given no weight, and claims are reviewed for plausibility. *Bates v. Green Farms. Condo. Ass'n*, 958 F.3d 470, 480 (CA6 2020).

Count six of the Maddix counterclaim (doc. 27 at Page ID# 226-227) alleges that Gaston defamed Maddix when the complaint's accusations were republished by a *Lexington Herald* reporter at Kentucky.com.

The counterclaim does not attach the article on which the defamation claim is based, but for Rule 12 purposes "a defendant may introduce certain pertinent documents if the plaintiff fails to do so. [cit.] Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (CA6 1997).

Because the article is identified in the counterclaim, the Court can consider the copy of it that is attached to this motion. Counsel for Gaston and Oak 44 confirmed with

11

Maddix's counsel that the attached article is the basis for the defamation claim—see attached declaration of counsel Jeffrey Nye—but even without the declaration it is clear that the article is drawn directly from the complaint. The headline of the article says that the "lawsuit alleges" what follows, and right from the first paragraph the article says that the content is "according to a federal lawsuit." That or similar phrasing is repeated throughout the article ("according to court documents" twice, "The lawsuit alleged" three times, "in a civil suit" and "according to the lawsuit" once each).

As a matter of law these statements cannot be defamation, because of the judicial statements privilege. "The prevailing rule regarding the judicial statements privilege in Kentucky is that communications made pursuant to judicial proceedings are absolutely privileged even if otherwise defamatory. [cit.] This includes pleadings and statements of witnesses." *New Albany Main St. Props. v. Stratton*, 677 S.W.3d 345, 348 (Ky. 2023).

Because pleadings are absolutely privileged under Kentucky law, Maddix can prove no set of facts which would entitle him to relief on his defamation claim, and Gaston is entitled to judgment as a matter of law.

IV.     **CONCLUSION**

Wood and Cayman Lane have failed to allege facts that, if proven, would establish every element of a negligent misrepresentation claim. Oak 44 and Gaston are entitled to have that count dismissed for failure to state claim.

Maddix's defamation claim fails because even accepting the allegations as true, the allegedly defamatory statements are absolutely (or unqualifiedly) privileged. Gaston is entitled to judgment on the pleadings.

Respectfully submitted,

/s/ *Joshua M. Smith*
Joshua M. Smith
Jeffrey M. Nye
Bailey E. Sharpe
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 (fax)
jms@sspfirm.com
jmn@sspfirm.com
bes@sspfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served by cm/ecf on all counsel of record.

/s/ *Joshua M. Smith*
Joshua M. Smith