UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Oak 44 Property Management, LLC | Case no. 5:24-cv-0063 |
| Plaintiff | Judge Caldwell |
| v. | |
| Justin Maddix, et al. | |
| Defendants. | |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on <u>May 31, 2024</u> and was attended by:

Jeff Nye, Josh Smith, and Bailey Sharpe, counsel for plaintiff Oak 44 and counterclaim defendant John Gaston,

Jim Mooney, counsel for defendants Stephen Wood, Cayman Lane LLC, Park 12 Property Management LLC, 5515 LLC, and 5515 Hunt Club Ln LLC,

Jim O'Toole, counsel for defendants Justin Maddix and Lexington 859 Service LLC,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes   _X_ No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

_X_ Yes   _____No   _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by <u>June 28, 2024</u>.

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

_X_ Yes   ___No

If yes, describe the issue:

One or more defendants have raised the issue of the plaintiff's standing. The parties will attempt to resolve the issue extrajudicially. If unable to do so, any appropriate motion will be filed by July 31, 2024. Defendant Wood has also plead and asserted the right to pursue arbitration of the parties' dispute, and in that event, said motion to compel arbitration will be filed by July 31, 2024.

4. PARTIES AND PLEADINGS

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by <u>July 31, 2024</u>.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by _____.

5. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiff alleges that defendants Maddix and Wood, who had been entrusted to use plaintiff's accounts to purchase goods and services for properties managed by plaintiff, defrauded plaintiff by using those accounts to purchase goods and services for their personal use or for the benefit of defendant entities. Plaintiff additionally alleges that Maddix and defendant Lexington 859 Service LLC defrauded plaintiff through the use of a sham entity to mark up or "skim" invoices for legitimate expenses. Plaintiff's claims are for fraud, breach of fiduciary duty, unjust enrichment, aiding and abetting, and civil conspiracy.

Defendant Maddix alleges that plaintiff and its principal, John Gaston, promised to grant equity and sales bonuses to Maddix in connection with this work for plaintiff, and that plaintiff and Gaston breached that agreement. Maddix also alleges that Oak 44 or Gaston failed to reimburse Maddix for expenses incurred on their behalf. Maddix and Lexington 859 also allege that Gaston defamed them in an interview with a newspaper. These counterclaims are for breach of contract, unjust enrichment, promissory estoppel, breach of good faith and fair dealing, fraud, defamation, and abuse of process.

Defendant Wood alleges that the plaintiff hired him and agreed to pay him a monthly wage but has breached that agreement. Defendant Cayman Lane LLC alleges that the plaintiff unlawfully recorded a notice of lis pendens against property owned by Cayman Lane and by doing so slandered its title and tortiously interfered with a contract. Defendants Wood and Cayman Lane allege that the plaintiff hired entity has been administratively dissolved by the Wyoming Secretary of State and that the plaintiff negligently or intentionally misrepresented that fact.

There is a jury demand.

6. DISCOVERY PROCEDURES

   a. The parties agree that all fact discovery shall be completed by May 16, 2025.

   b. Plaintiff's expert reports must be produced by June 27, 2025 (six weeks after close of fact discovery).

   c. Defendant's expert reports must be produced by August 8, 2025 (six weeks after plaintiff's reports).

   For purposes of expert reports, a "plaintiff" is any party that bears the burden of proof on a claim, including a counterclaimant, and a "defendant" includes a counterclaim defendant.

   d. All expert discovery shall be completed by September 12, 2025 (five weeks after defendant's reports).

   e. Do the parties anticipate the production of ESI?  _X_ Yes  __No

   If yes, describe the protocol for such production:

   Parties will bear the cost of search and production of requests directed to them. Parties will confer in good faith regarding whether native-format production is necessary for particular requests and the responding party will produce ESI in native format where appropriate. For other requests, the producing party may produce ESI in native format or PDF format. Text-based documents converted to PDF for production should be searchable, but a producing party need not convert existing non-searchable documents to searchable format.

   f. Do the parties intend to seek a protective order or clawback agreement?

   Yes. A proposed agreement that incorporates *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), Fed. R. Civ. P. 26(b)(5)(B), and Fed. Evid. R. 502 will be produced to the Court by June 28, 2024.

   g. The parties anticipate discovery on the following subjects or issues:

   All issues of liability and damages, without bifurcation, but with expert disclosure following fact discovery (as noted above)

   h. Other issues relating to discovery:

   The parties stipulate under Rule 33(a)(1) that the number of interrogatories a party may serve on another party shall be 40.

   The parties agree that it is not necessary to individually log attorney-client privileged communications that post-date the filing of the complaint.

3

7. <u>DISPOSITIVE MOTIONS</u>

    a. Any dispositive motions shall be filed by <u>October 24, 2025 (six weeks after close of all discovery)</u>.

    b. Do the parties anticipate any early dispositive motions?

    Oak 44 and John Gaston anticipate filing a Rule 12 motion or motions directed to one or more counterclaims.

8. <u>SETTLEMENT</u>

The parties have had informal discussions regarding settlement of some of the claims and counsel will continue those discussions as appropriate and may engage a private mediator or other neutral if doing so is likely to be fruitful but believe that fact discovery is necessary first.

Plaintiff(s) will make a settlement demand by <u>the close of discovery (May 23, 2025)</u>. Defendant will respond <u>within 21 days</u>. The parties agree to make a good faith effort to settle this case.

Signatures:

Attorney for Plaintiff(s):

*/s/ Jeffrey M. Nye*
Joshua M. Smith (0098835)
Jeffrey M. Nye (pro hac vice)
Bailey E. Sharpe (pro hac vice)
STAGNARO, SABA &
PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 (fax)
jms@sspfirm.com
jmn@sspfirm.com
bes@sspfirm.com
**Counsel for Oak 44 and John Gaston**

Attorney for Defendant(s):

*/s/ James M. Mooney*
Dan M. Rose, Esq.
J. Wesley Harned, Esq.
James M. Mooney, Esq.
ROSE CAMENISCH STEWART PLLC
326 South Broadway
Lexington, Kentucky 40508
Phone: (859) 721-2100
dan.rose@rcsmlaw.com
wes.harned@rcsmlaw.com
jim.mooney@rcsmlaw.com
**Counsel for Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC**

*/s/ James O'Toole*
Smith, O'Toole, & Brooke
3080 Harrodsburg Rd., Suite 101
Lexington, KY 40503
jotoole@soblawfirm.com
**Counsel for Justin Maddix and Lexington 859 Service LLC**

4