UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| OAK 44 PROPERTY MANAGEMENT, LLC | ) | PLAINTIFF |
| | ) | |
| vs. | ) | Case No. 5:24-cv-00063 |
| | ) | |
| STEPHEN WOOD; LEXINGTON 859 SERVICE, LLC; CAYMAN LANE, LLC; PARK 12 PROPERTY MANAGEMENT LLC; 5515, LLC; 5515 HUNT CLUB LN LLC; and | ) ) ) ) ) ) | DEFENDANTS |
| | ) | |
| JUSTIN MADDIX | ) ) | DEFENDANT AND THIRD PARTY PLAINTIFF |
| vs. | ) ) | |
| JOHN GASTON | ) | THIRD PARTY DEFENDANT |

\* \* \* \*
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS STEPHEN WOOD; CAYMAN LANE, LLC; PARK 12 PROPERTY MANAGEMENT LLC; 5515, LLC; 5515 HUNT CLUB LN LLC**
\* \* \* \*

Come the Defendants, Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC, by counsel, and submit this memorandum in support of their Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

The Complaint filed herein by the Plaintiff, Oak 44 Property Management, LLC ("Oak 44" and "Plaintiff") asserts claims of fraud against the Defendant Stephen Wood, as employee of Oak 44, an entity the Plaintiff alleges is wholly owned by Mr. John Gaston, for using "a series of sham companies and LLCs . . . to embezzle hundreds of thousands of dollars from [his] employer, [Oak 44]." Complaint, ¶ 1. Specifically, the Plaintiff alleges that Mr. Wood, as a supervisory employee of, and in a scheme to defraud Oak 44, used its credit accounts, *e.g.*, an American Express card

1

and certain other credit accounts with Home Depot and Lowe's, to pay for his personal expenses and the expenses of his "sham companies and LLCs," none of which have any relationship to Oak 44. *Id.*, ¶¶ 11, 12. One of those companies is the Defendant, Cayman Lane, LLC ("Cayman Lane"), wholly owned and operated by Mr. Wood for the purposes of holding certain real property located at 3660 Cayman Lane, Lexington, Kentucky 40509 (the "Property"), which Plaintiff describes as a "flip" project, for his personal profit and with no relationship to Oak 44. In particular, as relevant to this Motion, the Plaintiff alleges that Mr. Wood has fraudulently charged labor and materials in the sum of "at least $80,837.66" to Oak 44's credit accounts for the benefit of the Property. Complaint ¶¶ 18, 49. The Defendants, Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC, were joined as defendants to this action as aiders and abettors of and civil conspirators to the alleged fraud perpetrated by Mr. Wood. Complaint ¶¶ 111, 117.

Immediately following the filing of its Complaint on March 4, 2024, the Plaintiff, through counsel, placed a *lis pendens* of record on the Property with the Fayette County Court Clerk, for the purpose of upsetting a pending sale of the Property to a prospective purchaser (the "*Lis Pendens*"). A true and correct copy of the *Lis Pendens* is attached hereto as <u>Exhibit A</u>.

The Defendants file this Motion seeking dismissal of the action for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and for failure to state a claim for which relief may be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). The Defendants further request that said dismissal include the immediate release of the *Lis Pendens*, inasmuch as the dismissal of the action would render the *Lis Pendens* a nullity.

**ARGUMENT**

    I.    **This Court Lacks subject-matter jurisdiction over the present action.**

Despite Plaintiff's allegations to the contrary, Oak 44 is no longer a Wyoming limited liability company. It has failed to meet its statutory obligations under Wyoming law, and as such, has no capacity to bring a lawsuit, thereby divesting this Court of subject matter jurisdiction to hear any claims made in its name and as such, has failed to state a claim in which relief can be granted.

    a)  **Legal Standard**

The Federal Rules of Civil Procedure ("FRCP") permit a party to file a motion to dismiss for lack of subject-matter jurisdiction. FRCP Rule 12(b)(1). A motion to dismiss for lack of jurisdiction pursuant to FRCP Rule 12(b)(1) may be presented as a facial or factual challenge. "A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (internal citation omitted) (emphasis in original). Where there is a factual attack, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods. v. Sherwin–Williams Company*, 491 F.3d 320, 330 (6th Cir. 2007). Regardless of whether the attack is facial or factual, the plaintiff bears the burden of proof as to whether jurisdiction exists. *Sherwood v. Tennessee Valley Auth.*, 925 F. Supp. 2d 906, 913 (E.D. Tenn. 2013), *aff'd*, 590 F. App'x 451 (6th Cir. 2014) (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). "If the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP Rule 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569, 580-81 (6th Cir. 2004) (overruled on other grounds); *Winnett v. Caterpillar, Inc*., 553 F.3d 1000, 1007 (6th Cir. 2009).

While subject-matter jurisdiction is always a threshold determination, it may be raised at any stage in the proceedings. *See Fuqua v. United States*, 869 F. Supp. 2d 814, 819 (W.D. Ky. 2012) (quoting *Am. Telecom Co. v. Republic of Lebanon*., 501 F.3d 534, 537 (6th Cir. 2007) *and Schultz v. Gen. R.V. Ctr*., 512 F.3d 754, 756 (6th Cir. 2008)) (internal quotations omitted). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion . . . Moreover, the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Moir v. Greater Cleveland Reg'l Transit Auth., supra.* at 269 (citing *Rogers v. Stratton Industries, Inc*., 798 F.2d 913, 915, 918 (6th Cir. 1986)). "It is established that the district court may consider affidavits and other documents outside the record on a Rule 12(b)(1) motion, but it must do so in a manner that is fair to the non-moving party." *Hatcher v. United States*, 512 F. App'x 527, 528 (6th Cir. 2013) (citing *Rogers v. Stratton Industries, Inc., supra.* at 918). The Court has a duty to consider its subject matter jurisdiction in regard to every case and may raise the issue *sua sponte. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); FRCP Rule 12(h)(3).

The Plaintiff has alleged that this Court has the requisite subject-matter jurisdiction for this action under 28 U.S.C. § 1332(a)(1), the diversity jurisdiction statute. In such an action "in order for diversity jurisdiction to attach, 'all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation.'" *Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 325 (E.D. Ky. 2011) (citing *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)). The standard for determining the citizenship of a limited liability company is

4

outlined by *Carr v. Lake Cumberland Reg'l Hosp., LLC*, 2016 WL 868869 (E.D. Ky. Mar. 7, 2016):

> "[f]or purposes of diversity jurisdiction, courts have created a distinction between incorporated entities and unincorporated entities. 28 U.S.C. § 1332(c) indicates that a corporation is a citizen of its incorporating state and its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). However, **"[t]he general rule is that all *unincorporated* entities—of which a limited liability company is one—have the citizenship of each partner or member."** *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (emphasis added). Therefore, membership is the key inquiry in determining a limited liability company's citizenship for jurisdictional purposes.

*Carr v. Lake Cumberland Reg'l Hosp., LLC, supra.* at *2 (emphasis in original).

FRCP Rule 17(b) determines whether a plaintiff has capacity to sue. Under that Rule, "'[c]apacity' is the ability of a particular individual or entity to sue, or to be brought into, the courts of a forum; it has no direct correlation to the conducting of business, the existence of an enforceable right, interest, cause of action, claim or defense, or whether a party is a real party in interest. *Johnson v. Helicopter & Airplane Services Corp.*, 404 F. Supp. 726 (D.C. Md. 1975). Under FRCP Rule 17(b)(3), which governs the analysis for unincorporated associations such as limited liability companies, and thus the Plaintiff, the determination of the capacity to bring suit is governed "by the law of the state where the court is located . . ." *See also Malibu Media, LLC v. Steiner*, 307 F.R.D. 470, 473 (S.D. Oh. 2015) *citing Merry Gentleman, LLC v. George & Leona Prods., Inc.*, 2014 WL 3810998, at *2 (N.D. Ill. Aug. 1, 2014) ("The capacity of a limited liability company to bring suit is governed by Rule 17(b)(3), which applies to 'all other parties'").

In Kentucky, a foreign entity transacting business within the Commonwealth, with limited exceptions, must file a Certificate of Authority with the Secretary of State. *See* Kentucky Revised Statutes Annotated ("KRS") Chapter 14A, the Kentucky Business Entity Filing Act, specifically KRS § 14A.9-010(1). That Act stipulates as follows:

5

> "[a] foreign entity transacting business in this Commonwealth without a certificate of authority <u>may not maintain a proceeding in any court in this Commonwealth until it obtains a certificate of authority</u>.

See KRS § 14A.9-020(1) (emphasis added). For a foreign entity to file a certificate of authority the applicant must represent ". . . that the foreign entity validly exists under the laws of its jurisdiction of organization." KRS § 14A.9-030(2).

Finally, under Wyoming's Limited Liability Company Act, a limited liability company that fails to pay any statutory fees or penalties payable under that Act loses its certificate of authority, and if such deficiency is not cured within two (2) years, the entity becomes permanently "defunct" and can never be reinstated:

> If any limited liability company has failed to pay the fee required by W.S. 17-29-210 or any penalties imposed under W.S. 17-28-109, **it shall be deemed to be transacting business within this state without authority and to have forfeited any franchises, rights or privileges acquired under the laws thereof**. The forfeiture shall be made effective in the following manner. The secretary of state shall provide notice to the limited liability company at its last known mailing address by first class mail or by electronic means. Unless compliance is made within sixty (60) days of the date of notice the limited liability company shall be deemed defunct and to have forfeited its articles of organization or certificate of authority acquired under the laws of this state. **Provided, that any defunct limited liability company may at any time within two (2) years after the forfeiture of its articles of organization of certificate of authority, be revived and reinstated by paying the amount of the delinquent fees.** When the reinstatement is effective, it relates back to and takes effect as of the effective date deemed defunct pursuant to this subsection and the limited liability company resumes carrying on its business as if it had never been deemed defunct. (emphasis added.)

Wyoming Statutes Annotated § 17-29-705(b) (emphasis added).

### b) Oak 44 cannot maintain an action within the Commonwealth of Kentucky.

Oak 44 alleges in its Complaint that it ". . . is a Wyoming limited liability company whose sole member is John Gaston. Gaston is a citizen of Arizona." Complaint, ¶3. Oak 44 was formed

6

on August, 21, 2020 by filing Articles of Organization with the Wyoming Secretary of State. A copy of Oak 44's Secretary of State website page is of public record and is attached hereto as Exhibit B. Those records further indicate that Oak 44 failed to pay its entity tax and went into administrative dissolution on October, 9, 2021. *See* Exhibit B. On October 10, 2023, after failing to remedy its administrative dissolution for two years, the Secretary of State changed Oak 44's status to "archived," and no action can be made in the name of the now "defunct" entity pursuant to Wyoming law. *Id.* The Plaintiff initiated this lawsuit on March 4, 2024, over six months after it had permanently "**forfeited any franchises, rights or privileges acquired under the law . . .**" *Id.*

Oak 44 concedes in its Complaint that it ". . . is in the business of property management, and at all relevant times managed several apartment complexes in the Lexington and Louisville areas" and that it ". . . employed approximately 8 people to manage day-to-day operations of those complexes . . ." Complaint, ¶¶8-9. Oak 44, even while an active Wyoming entity, never filed a Certificate of Authority to transact business in Kentucky. As such, Oak 44's operations were in violation of its legal obligations and subject to penalties under KRS § 14A.9-030(4). As a further consequence of the illegal transaction of business in the Commonwealth by Oak 44 as a foreign entity, KRS § 14A.9-020(2) clearly states: "[a] foreign entity transacting business in this Commonwealth without a certificate of authority may not maintain a proceeding in any court in this Commonwealth until it obtains a certificate of authority." (Emphasis added.) *See also Diktic, Inc. v. Somerset Refinery, Inc.*, 2003 WL 21673962 at *2 (With respect to an Illinois corporation that was administratively dissolved and whose reinstatement would not relate back under Illinois law, the Kentucky Court of Appeals held, under the prior version of KRS §14A.9-020(2), that "'[t]he dissolution of a corporation implies its utter extinction and obliteration as a body capable

7

of suing or being sued.' [internal citation omitted]. We conclude that Diktic did not exist as a corporate entity when it filed its civil action against [the defendants] and that it thus lacked the capacity to file the action.")

The Plaintiff has attempted to skirt applicable legal requirements by bringing this action in the name of a defunct entity. FRCP Rule 17(b) unambiguously requires the Plaintiff to have the capacity to sue for this Court to hear its claims. Because Oak 44 is a Wyoming limited liability company, a foreign entity that has no certificate of authority to transact business in the Commonwealth, Oak 44 cannot maintain its action in this Court against the Defendants under Kentucky law and its Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

### c) Oak 44 can never maintain an action within the Commonwealth of Kentucky.

Furthermore, Oak 44 **can never acquire a certificate of authority from the Kentucky Secretary of State**. To do so, it must represent ". . . that the foreign entity validly exists under the laws of its jurisdiction of organization." KRS § 14A.9-030(2). Since Oak 44 has become permanently "defunct" under Wyoming law, it is impossible for it to ever cure its statutory deficiency in its jurisdiction of organization and certify to the Kentucky Secretary of State that is in good standing.

### d) Diversity Jurisdiction

Furthermore, Oak 44's status as a defunct entity raises serious questions as to its citizenship for the purposes of diversity jurisdiction. **"The general rule is that all *unincorporated* entities— of which a limited liability company is one—have the citizenship of each partner or member."** *Delay v. Rosenthal Collins Group, LLC, supra.* at 1005.

While federal courts in other federal circuits have concluded that administratively dissolved entities retain their citizenship for diversity purposes as they continue to exist as an entity so long as they are "winding up"[1], as a permanently "defunct" Wyoming entity, which cannot have any members as it no longer exists, Oak 44 is unable to satisfy 28 U.S.C. § 1332(a)(1)'s diversity requirement, which the Plaintiff has the burden of demonstrating. *See Sherwood, supra.* The Court should dismiss this action as there cannot be diversity of the parties when the Plaintiff no longer exists.

## II. Release of the *Lis Pendens*.

In addition to dismissal, the Defendants also request this Court to also order the immediate release of the *Lis Pendens* filed by the Plaintiff in connection with this case as such a dismissal would render the improperly recorded *Lis Pendens* a nullity. The Defendants further herein incorporate its arguments relating to the insufficiency of Plaintiff's legal interest in the Property to record a *lis pendens* under Kentucky Law in its Motion to Release the *Lis Pendens* currently under submission to the Court.

## CONCLUSION

Based on the above stated facts and authorities, dismissal of the Plaintiff's Complaint against all of the Defendants is appropriate pursuant to FRCP Rule 12(b)(1) and (6). Accordingly, the Defendants respectfully request that this Court dismiss the Plaintiff's Complaint and order the release of the *Lis Pendens*.

---

[1] *See Diamond Scaffold Servs., LLC v. Salt Sols., LLC*, No. CV 18-0470-WS-B, 2019 WL 2023730, at *1 (S.D. Ala. May 8, 2019) ("Administrative dissolution of a perpetual LLC does not destroy its citizenship for diversity purposes <u>if the LLC continues to exist under state law after administrative dissolution</u>." *Go Fast Sports & Beverage Co. v. Buckner*, 2008 WL 2852626 at *2 (D. Colo. 2008). Thus, where the state by statute expressly provides that an administratively dissolved LLC "continues its existence" but with certain restrictions on its activities, the entity remains a citizen of the state for purposes of determining diversity jurisdiction. *Id.*; *accord Tri-County Metropolitan Transportation v. Butler Block, LLC*, 337 Fed. Appx. 708, 708-09 (9th Cir. 2009).") (emphasis added)

9

Respectfully submitted,

/s/James M. Mooney
Dan M. Rose, Esq.
J. Wesley Harned, Esq.
James M. Mooney, Esq.
ROSE CAMENISCH STEWART PLLC
326 South Broadway
Lexington, Kentucky  40508
Phone: (859) 721-2100
E-mail:dan.rose@rcsmlaw.com
        wes.harned@rcsmlaw.com
        jim.mooney@rcsmlaw.com

Attorneys for Defendants, Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC