UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Oak 44 Property Management, LLC <br><br> Plaintiff <br><br> v. <br><br> Justin Maddix, et al. <br><br> Defendants. | Case No. 5:24-cv-0063 <br><br> **Judge Caldwell** <br><br> **ANSWER TO WOOD AND CAYMAN LANE'S COUNTERCLAIM (DOC. 37)** |

The counterclaim of Stephen Wood and Cayman Lane LLC is hereby answered as follows, in response to the numbered paragraphs in that pleading:

1. Admit.

2. Admit.

3. Admit that Gaston is the sole member of Oak 44 and that Gaston is a citizen of Arizona. Deny remainder.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Deny first sentence. Second sentence is a legal conclusion, and it is therefore denied. Admit that Exhibit 3 is what it purports to be.

10. This paragraph is a legal conclusion, and it is therefore denied.

1

11. Admit that Exhibit 3 is what it purports to be. Deny legal conclusions about the effect of Exhibit 3.

12. Admit.

13. Deny.

14. Admit that Wood was an at-will employee of Oak 44. Deny that Wood was employed by Gaston.

15. Admit that Wood was a supervisory employee of Oak 44. Deny that Wood was employed by Gaston.

16. Admit.

17. Admit that Wood was employed by Oak 44 until February 2024. Deny remainder.

18. Deny.

19. Admit.

20. Deny first sentence. Admit second sentence. Admit that Exhibit 4 is what it purports to be.

21. Deny for lack of knowledge.

22. Deny. Further answering, Oak 44 believed that the Cayman Property may have been under contract when the lis pendens was recorded, but did not know with certainty, and did not know any terms of any contract.

23. Admit that Oak 44 (through counsel) contacted the title company. Deny that Oak 44 or Gaston contacted Buyers, but, further answering, Buyers initiated contact with Oak 44's counsel. Deny that the purpose of any communications was to frustrate the sale of the Property; rather, Oak 44's explicit purpose was to encourage the sale of the Property, but protect the proceeds of the sale. Deny remainder.

24. Deny.

25. Deny.

26. Deny for lack of knowledge.

## COUNT I

27. No response required because this count has been dismissed.

28. No response required because this count has been dismissed.

29. No response required because this count has been dismissed.

30. No response required because this count has been dismissed.

31. No response required because this count has been dismissed.

32. No response required because this count has been dismissed.

33. No response required because this count has been dismissed.

## COUNT II

34. No response required.

35. Deny.

36. Deny.

37. Deny.

## COUNT III

38. No response required.

39. Deny for lack of knowledge.

40. Deny in part due to lack of specificity in the allegation. Oak 44 believed, but did not know, that the property was under contract when the complaint was filed, and even after learning that the property was under contract, Oak 44 did not know the identity of the buyer until the buyer contacted Oak 44.

41. Deny.

42. Deny.

43. Deny.

## COUNT IV

44. No response required.

45. Admit that Wood was an at-will employee of Oak 44. Deny remainder.

46. Deny.

47. Deny.

## ADDITIONAL DEFENSES

48. The complaint fails to state a claim upon which relief can be granted.

49. One or more claims are barred by Wood and/or Cayman Lane's fraud, by illegality, by estoppel, by injury by fellow servant, by unclean hands, or by failure to mitigate damages.

50. The slander of title and tortious interference claims are barred by privilege, by the absence of special or general damages, and by acquiescence or waiver.

51. The breach of contract claim is barred by Wood's failure of performance or prior material breach.

52. All claims are barred by or subject to setoff or recoupment.

53. Oak 44 and Gaston reserve the right to amend this answer or to assert any additional defenses which become apparent or available during discovery in this matter.

                                      Respectfully submitted,

                                      */s/ Joshua M. Smith*
                                      Joshua M. Smith (0098835)
                                      Jeffrey M. Nye (pro hac vice)
                                      Bailey E. Sharpe (pro hac vice)
                                      STAGNARO, SABA &
                                      PATTERSON CO., L.P.A.
                                      2623 Erie Avenue
                                      Cincinnati, Ohio 45208
                                      (513) 533-6715
                                      (513) 533-2999 (fax)
                                      jms@sspfirm.com
                                      jmn@sspfirm.com
                                      bes@sspfirm.com

## **CERTIFICATE OF SERVICE**

    I certify that a true and accurate copy of the foregoing was served by CM/ECF on all counsel of record on July 25, 2024.

                                              */s/ Joshua M. Smith*
                                              Joshua M. Smith (0098835)