**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| Oak 44 Property Management, LLC | **Case no. 5:24-cv-0063** |
| Plaintiff | **Judge Caldwell** |
| v. | |
| Justin Maddix, et al. | |
| Defendants. | |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on <u>February 24, 2025</u> and was attended by:

Jeff Nye, counsel for plaintiff Oak 44 and counterclaim defendant John Gaston,

Jim Mooney and George Rikos, counsel for defendants Stephen Wood, Cayman Lane LLC, Park 12 Property Management LLC, 5515 LLC, and 5515 Hunt Club Ln LLC,

Jim O'Toole, counsel for defendants Justin Maddix and Lexington 859 Service LLC,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.      <u>CONSENT TO MAGISTRATE JUDGE</u>

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes      _X_ No

2.      <u>INITIAL DISCLOSURES</u>

Have the parties agreed to make initial disclosures?

_X_ Yes      _____No      _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by <u>March 28, 2025</u>.

3.      <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

_X_Yes      ___No

If yes, describe the issue:

While there are no issues based on the pleadings at this time due to the Court's Opinion and Order (doc. 55) granting the motion to dismiss Oak 44's claims, counterclaim defendant John Gaston may seek leave to amend his answer to assert a counterclaim that is similar to the complaint, and one or more defendants believe that such claims may raise arbitrability questions. See below for additional discussion.

4.      PARTIES AND PLEADINGS

a.      The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by May 9, 2025

b.      If the case is a class action, the parties agree that the motion for class certification shall be filed by _____.

5.      ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

The Court has dismissed plaintiff Oak 44's claims under Rule 12(b)(6) based on lack of standing or capacity to sue. Counterclaims remain pending.

Defendant Maddix alleges that plaintiff and its principal, John Gaston, promised to grant equity and sales bonuses to Maddix in connection with this work for plaintiff, and that plaintiff and Gaston breached that agreement. Maddix also alleges that Oak 44 or Gaston failed to reimburse Maddix for expenses incurred on their behalf. Maddix and Lexington 859 also allege that Gaston defamed them in an interview with a newspaper, which counterclaim count was dismissed by the Court's Order (doc. 46). The pending counterclaims by Maddix and Lexington 859 are for breach of contract, unjust enrichment, promissory estoppel, breach of good faith and fair dealing, fraud, and abuse of process.

Defendant Wood alleges that the plaintiff hired him and agreed to pay him a monthly wage but has breached that agreement. Defendant Cayman Lane LLC alleges that the plaintiff unlawfully recorded a notice of lis pendens against property owned by Cayman Lane and by doing so slandered its title and tortiously interfered with a contract. Defendants Wood and Cayman Lane allege that the plaintiff was administratively dissolved and deemed defunct under Wyoming law and that the plaintiff negligently or intentionally misrepresented that fact, a counterclaim count that was dismissed by Agreed Order (doc. 45). The pending counterclaims by Defendants Wood and Cayman Lane are for slander of title, tortious interference with contract, and breach of contract.

There is a jury demand.

Counterclaim defendant John Gaston anticipates that he may seek either a stipulation or leave to amend his answer to assert counterclaims, based on the conclusion in the Court's Opinion and Order (doc. 55) that plaintiff Oak 44 was administratively dissolved and deemed defunct under Wyoming law, was unable to obtain a certificate of authority to conduct business in Kentucky, and therefore did not have capacity to sue. Gaston's proposed stipulation or amendment will assert, in brief, that if Oak 44 was dissolved and defunct and could not be wound up (as the Court concluded) then its actions were necessarily the actions of Gaston acting as a sole proprietor. Gaston anticipates asserting in his own name claims substantially similar to those asserted by Oak 44 in the complaint.

Defendant Stephen Wood has indicated that such claims asserted by Gaston may be the subject of an arbitration defense.

The parties will discuss the claims and explore the possibility of a stipulation prior to any such motion being made.

7.      DISCOVERY PROCEDURES

a.      The parties agree that all fact discovery shall be completed by February 6, 2026.

b.    Plaintiff's expert reports must be produced by <u>March 20, 2026 (six weeks after close of fact discovery)</u>.

c.    Defendant's expert reports must be produced by <u>May 1, 2026 (six weeks after plaintiff's reports)</u>.

For purposes of expert reports, a "plaintiff" is any party that bears the burden of proof on a claim, including a counterclaimant, and a "defendant" includes a counterclaim defendant.

d.    All expert discovery shall be completed by <u>June 12, 2026 (six weeks after defendant's reports)</u>.

e.    Do the parties anticipate the production of ESI? _X_Yes __No

If yes, describe the protocol for such production:

Parties will bear the cost of search and production of requests directed to them. Parties will confer in good faith regarding whether native-format production is necessary for particular requests and the responding party will produce ESI in native format where appropriate. For other requests, the producing party may produce ESI in native format or PDF format. Text-based documents converted to PDF for production should be searchable, but a producing party need not convert existing non-searchable documents to searchable format.

f.    Do the parties intend to seek a protective order or clawback agreement?

Yes.  A proposed agreement that incorporates *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), Fed. R. Civ. P. 26(b)(5)(B), and Fed. Evid. R. 502 will be produced to the Court by March 28, 2025.

g.    The parties anticipate discovery on the following subjects or issues:

All issues of liability and damages, without bifurcation, but with expert disclosure following fact discovery (as noted above)

h.    Other issues relating to discovery:

The parties stipulate under Rule 33(a)(1) that the number of interrogatories a party may serve on another party shall be 40.

The parties agree that it is not necessary to individually log attorney-client privileged communications that post-date the filing of the complaint.

8.    <u>DISPOSITIVE MOTIONS</u>

a.    Any dispositive motions shall be filed by <u>July 24, 2026 (six weeks after close of all discovery)</u>.

b.    Do the parties anticipate any early dispositive motions?

No.

9.    <u>SETTLEMENT</u>

The parties have had informal discussions regarding settlement of some of the claims and counsel will continue those discussions as appropriate and may engage a private mediator or other neutral if doing so is likely to be fruitful but believe that fact discovery is necessary first.

Plaintiff(s) will make a settlement demand by <u>the close of discovery (June 12, 2026)</u>. Defendant will respond <u>within 21 days</u>. The parties agree to make a good faith effort to settle this case.

10.    <u>OTHER</u>

In addition to matters discussed above, the parties wish to advise the Court that Gaston and Stephen Wood are currently parties to an arbitration pending in Maricopa County, Arizona. That arbitration relates primarily to the corporate governance of entities that are not a party to this case. The parties expect that the arbitration will not interfere with the litigation.


Signatures:


Attorney for Plaintiff(s):

*/s/ Jeffrey M. Nye*
Joshua M. Smith (0098835)
Jeffrey M. Nye (pro hac vice)
Bailey E. Sharpe (pro hac vice)
STAGNARO, SABA &
PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 (fax)
jms@sspfirm.com
jmn@sspfirm.com
bes@sspfirm.com
**Counsel for Oak 44 and John Gaston**

Attorney for Defendant(s):

*/s/ James M. Mooney*
Dan M. Rose, Esq.
J. Wesley Harned, Esq.
James M. Mooney, Esq.
ROSE CAMENISCH STEWART PLLC
326 South Broadway
Lexington, Kentucky 40508
Phone: (859) 721-2100
dan.rose@rcsmlaw.com
wes.harned@rcsmlaw.com
jim.mooney@rcsmlaw.com

And

George Rikos, Esq.
555 West Beech Street, #500
San Diego, California 92101
george@georgerikoslaw.com
**Counsel for Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC**


*/s/ James O'Toole*
Smith, O'Toole, & Brooke
3080 Harrodsburg Rd., Suite 101
Lexington, KY 40503
jotoole@soblawfirm.com
**Counsel for Justin Maddix and Lexington 859 Service LLC**