UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Oak 44 Property Management, LLC<br><br>    Plaintiff<br>v.<br><br>Justin Maddix, et al.<br><br>    Defendants. | **Case No. 5:24-cv-0063**<br><br>**Judge Caldwell**<br><br>**COUNTERCLAIM DEFENDANT JOHN GASTON'S MOTION FOR LEAVE TO FILE COUNTERCLAIM** |

Counterclaim defendant John Gaston moves for leave to file the attached counterclaims against defendants Stephen Wood, Justin Maddix, Lexington 859 Service LLC, Cayman Lane LLC, Park 12 Property Management, 5515 LLC, and 5515 Hunt Club Ln LLC (collectively, the "defendants").

Gaston was not originally a party to this case. He was joined as a counterclaim defendant under Rule 13(h) when the defendants filed counterclaims against him (see doc. 27, doc. 37)[1]. He now desires to assert claims against the parties that asserted claims against him. This motion is timely made under the operative scheduling order (doc. 60).

The reason that Gaston did not assert these claims when he answered the defendants' claims against him is that substantially similar claims were already pending against the defendants at that time, so there was no reason for Gaston to assert those

---

[1] Those filings incorrectly referred to Gaston as a third-party defendant. But the claims against him are not claims that he "is or may be liable to [the defendants] for all or part of the claim against [them]," *see* Rule 14(a), and so he is a counterclaim defendant under Rule 13 rather than a third-party defendant under Rule 14.

1

claims. More specifically, the claims that Gaston seeks to assert here are substantially similar to the claims that plaintiff Oak 44 asserted in its original complaint. Gaston (who is the principal of Oak 44) believed at the time that the claims were appropriately raised by Oak 44.

In its recent decision (doc. 55) granting a motion to dismiss, the Court ruled that Oak 44 did not exist as a corporate entity at the time that the claims accrued, and so it could not raise those claims in this action.[2] (Oak 44 anticipates appealing that decision when it is able to do so, but it respects the Court's decision and understands that it currently is the law of the case.) In particular, the Court held that Oak 44 became defunct as a Wyoming limited liability company in October of 2021. *See* doc. 55 at Page ID# 553.

The defendants' conduct giving rise to the claims in Oak 44's complaint (and Gaston's putative counterclaim) occurred much later, from July of 2022, *see* doc. 1 at Page ID# 57 (¶85), through at least August 2023, *see id.* at Page ID# 42 (¶46). In brief, the allegations are that Maddix and Wood (who were supervisory employees) used a series of sham companies (the defendant LLCs) to embezzle hundreds of thousands of dollars. Their scheme involved purchasing goods and services on their employer's credit cards or accounts, and then using the goods and services at their personal homes, at other apartment complexes that they (but not Gaston) had an ownership interest in, or at a

---

[2] Defendants Justin Maddix and Lexington 859 LLC did not move to dismiss and the decision and order did not dismiss Oak 44's claims against them. But Gaston seeks leave to assert claims against Maddix and Lexington 859 in an abundance of caution.

2

house they were "flipping" to re-sell. Their scheme also involved fraudulently marking up invoices for genuine work done by bona fide contractors, and skimming the markup off the top. Neither this brief nor the proposed counterclaim is able to give more detail on some of these claims, because in addition to the inability to pursue discovery, the defendants (and in particular Stephen Wood) have wrongfully prevented Gaston from gaining access to his own credit accounts.

Because the Court has held that Oak 44 did not exist at that time, the only possible interpretation of the facts is that Gaston was operating Oak 44 as a sole proprietorship, rather than as a Wyoming limited liability company. That is true even though it was unbeknownst to Gaston at that time. This means that when Maddix and Wood and their LLCs were stealing hundreds of thousands of dollars during that time frame, they were stealing it from Gaston. The attached proposed counterclaim would permit Gaston to assert that claim in this action.

The Sixth Circuit has said that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (CA6 1999); *See also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)("If the underlying facts or circumstances relied upon by a plaintiff

3

may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits".)

There is no undue delay here. While the complaint was filed some time ago, the motion to dismiss—which was the triggering event for *Gaston* (rather than Oak 44) to raise the claims—was only fully resolved in February (see doc. 57, setting aside a prior order and reopening the case), and the Court's scheduling order allowing motions for leave to amend the pleading was entered only a few weeks ago (see doc. 60). Discovery is still at its early stages, and Plaintiff does not anticipate any need to change or extend discovery should the motion be granted.

There is no prejudice to any party. All the defendants are fully familiar with the factual bases for the claims in the proffered pleading, given they were filed in Oak 44's name at the outset of this case. Also, no party has yet conducted any substantial amount of discovery (and thus there is no need to re-do any discovery). Moreover, granting leave and allowing Gaston to assert the claims here would avoid the need for Gaston to file the claims in a separate action and therefore would promote judicial economy and help conserve all parties' resources.

There is no bad faith (both Gaston and Oak 44 earnestly believed that the claims belonged to Oak 44), no dilatory motive (granting leave will have no effect on the discovery schedule, which extends for more than a year, or the trial date, which is in early 2027), no prior amendments, and no futility.

For the foregoing reasons Gaston respectfully requests that leave be granted to file counterclaims substantially in the form of the attached exhibit.

> Respectfully submitted,
>
> /s/ *Joshua M. Smith*
> Joshua M. Smith (0098835)
> Jeffrey M. Nye (pro hac vice)
> Bailey E. Sharpe (pro hac vice)
> STAGNARO, SABA &
> PATTERSON CO., L.P.A.
> 2623 Erie Avenue
> Cincinnati, Ohio 45208
> (513) 533-6715
> (513) 533-2999 (fax)
> jms@sspfirm.com
> jmn@sspfirm.com
> bes@sspfirm.com

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was served by CM/ECF on all counsel of record on the date of filing.

> /s/ *Joshua M. Smith*
> Joshua M. Smith (0098835)