**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| OAK 44 PROPERTY MANAGEMENT, LLC | ) ) ) | PLAINTIFF |
| vs. | ) ) | Case No. 5:24-cv-00063 |
| STEPHEN WOOD; LEXINGTON 859 SERVICE, LLC; CAYMAN LANE, LLC; PARK 12 PROPERTY MANAGEMENT LLC; 5515, LLC; 5515 HUNT CLUB LN LLC; and | ) ) ) ) ) ) | DEFENDANTS |
| JUSTIN MADDIX | ) ) | DEFENDANT AND THIRD PARTY PLAINTIFF |
| vs. | ) ) | |
| JOHN GASTON | ) | THIRD PARTY DEFENDANT |

**\* \* \* \***

**DEFENDANTS' RESPONSE TO THIRD-PARTY DEFENDANT'S
MOTION FOR LEAVE TO AMEND TO FILE COUNTERCLAIM**
**\* \* \* \***

Come the Defendants, Stephen Wood and Cayman Lane, LLC, by counsel,[1] in response to Third Party Defendant John Gaston's Motion for Leave to File Counterclaims ("Motion").

**INTRODUCTION**

For the reasons discussed in detail below, this Court should not allow Mr. John Gaston and Oak 44 to continue advancing dubious legal theories in an attempt to preserve claims that have already been dismissed. Mr. Gaston, again, seeks to circumvent the consequences of his inability to comply with Wyoming law, Kentucky law and the Federal Rules of Civil Procedure ("FRCP") by moving this Court to revive the same claims that were dismissed by the Court in its DN 55, Opinion and Order dated January 22, 2025 (the "January Order") in Mr. Gaston's personal

---

[1] Counsel also represents Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC, which, pursuant to the Court's Opinion and Order dated January 22, 2025, are no longer parties in this case.

capacity. As discussed below, the Motion is untimely, brought in bad faith and with a dilatory motive, and is ultimately futile, and as such, it should be denied.

## BACKGROUND

The original Complaint filed herein by the Plaintiff, Oak 44 Property Management, LLC ("Oak 44", "Oak 44 I" and "Plaintiff") asserted claims of fraud against the Defendant Stephen Wood, as an employee of Oak 44, an entity which is allegedly wholly owned by Mr. Gaston, for using "a series of sham companies and LLCs . . . to embezzle hundreds of thousands of dollars from [his] employer, [Oak 44]." DN 1, Complaint, ¶ 1. Immediately following the filing of its Complaint on March 4, 2024, Oak 44, through counsel, recorded a *lis pendens* against the real property owned by Cayman Lane, LLC (the "Property") with the Fayette County Court Clerk, for the purpose of upsetting a pending sale of the Property to a prospective purchaser.

In July of 2024, the Defendants moved the Court to dismiss the Plaintiff's Complaint because, among other things, Oak 44 was a defunct Wyoming LLC that did not, and could not, obtain a Kentucky certificate of authority, and thus lacked capacity to sue under FRCP Rule 17(b). In response to that defect, rather than seeking leave to amend, Mr. Gaston instead formed a new Oak 44 entity ("Oak 44 II"), and sought to transfer any claims he or Oak 44 I may have had to Oak 44 II, which was claimed to be a "successor" to Oak 44 I under Wyoming law.

The Court, in DN 55, January Order, disagreed with Oak 44 and found (i) that the claims asserted were Oak 44 I's to make, (ii) that those claims could not be assigned, and (iii) that Oak 44 I, as a defunct Wyoming entity, could not obtain a Kentucky certificate of authority to maintain an action before this Court. The Court dismissed the claims and stated, in no uncertain terms, that:

> "[a]s to why this new Oak 44 was created, the simplest answer is the most persuasive: the defunct Oak 44 and its sole owner, Gaston, realized that it had a capacity to sue problem and attempted to circumvent this procedural defect by claiming an assignment of rights to this new entity. It is unlikely that such an

2

assignment is valid in the first place, as defunct limited liability companies under Wyoming law "have forfeited any franchises, rights or privileges acquired under the laws thereof." Wyo. Stat. Ann. § 17-29-705(b). In other words, Oak 44 forfeited its rights when it became defunct and failed to reinstate itself, and therefore had no rights to assign to any new entity."

*See* DN 55, January Order, pp. 6-7. The Court held that "[Oak 44 II] was formed after the action had been commenced **for the sole purpose of defeating its capacity to sue problem, which would circumvent the consequences of its failure to follow both Wyoming and Kentucky law**." *Id.* at p. 8 (emphasis added).

Mr. Gaston, now, again, seeks to reinstate these dismissed claims in his personal capacity. As discussed below, the Motion is untimely, it is brought in bad faith and with a dilatory motive, and is ultimately futile.

## STANDARD OF REVIEW

Mr. Gaston's Motion, cites the Sixth Circuit precedent that that "where the underlying facts would support a claim[,] leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *See also, Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits".)

The Defendants acknowledge that leave to amend is freely given "when justice so requires." *See Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Forman v. Davis, supra.* at 182). Nonetheless, for the reasons stated below, the Court should refuse to allow Mr. Gaston to pursue his counterclaims.

**ARGUMENT**

**I**

**MR. GASTON'S PROPOSED COUNTERCLAIM IS NOT SUPPORTED BY THE FACTS AND IS OTHERWISE FUTILE.**

**1.       The Facts, As Established By Mr. Gaston/Oak 44's Pleadings, Mr. Gaston And Oak 44's Course Of Conduct In This Case, And the Court's January Order, Establish That Mr. Gaston's Alleged Claims Do Not Belong To Him.**

Mr. Gaston's Motion demonstrates a misunderstanding of the Court's January Order.  Mr. Gaston's Motion, suggests that the Court determined that Oak 44 "did not exist at that time." *See* Motion, p. 3. He is mistaken.

First, the Court's January Order ultimately held that (i) the claims asserted were Oak 44 I's – not Mr. Gaston's or Oak 44 II's – to make, (ii) those claims could not be assigned by Oak 44 I for lack of statutory authority to do so, and (iii) Oak 44 I, as a defunct Wyoming entity, could not obtain a Kentucky certificate of authority, and thus did not have capacity to sue under FRCP Rule 17(b).  *See* DN 55, January Order, pp. 3-8.

While there does not appear to be any direct Wyoming authority on whether a defunct Wyoming LLC continues to exist, the Wyoming Supreme Court has opined on "defunct" Wyoming corporations (*i.e.* corporations that have lost their certificate of authority) and states "[t]he relevant case law also supports the conclusion that 'defunct' corporations are not dissolved and therefore retain the capacity to sue and be sued."  *See Catamount Const. v. Timmis Enters.*, 193 P.3d 1153, 1157–58 (Wyo. 2008) (internal citations omitted).

The Defendants raise this point to make plain that, while Oak 44 I cannot maintain a claim in this Court (because it lacks capacity to sue under the relevant Kentucky statute), under Wyoming law any claims it may have likely remain in the defunct entity and do not automatically vest in its members.  Thus, Oak 44 I may be able pursue its claims in a court of law in which it does have

4

capacity to sue but, as this Court has already determined, it cannot do so in Kentucky. Furthermore, the Wyoming LLC Act similarly has no provision for the automatic transfer of assets of the "defunct" LLC to its members. Even a dissolved Wyoming LLC that is winding up[2] may only transfer its assets to its members *after* it has discharged its obligations to creditors. *See* Wyoming Statutes 17-29-708(a) and (b). Allowing assets to automatically transfer to members upon the entity becoming "defunct" would operate to allow members to defraud creditors of the LLC by noncompliance with Wyoming statutory obligations, an absurd result, this Court should not entertain.

Finally, Mr. Gaston's Answer to Mr. Wood and Cayman Lane LLC's third party claims affirmatively deny that Mr. Wood was employed by Mr. Gaston personally. *See* DN 50, Mr. Gaston's Answer to Defendants Cayman Lane LLC and Stephen Wood's Counterclaims, ¶14 ("Admit that Wood was an at-will employee of Oak 44. **Deny that Wood was employed by Gaston**.") (emphasis added.), *see also id.* at ¶¶ 3, 15, 17 and 45. The Court's deadline to amend pleadings has passed and Mr. Gaston is bound by his Answer and, as such, he has no claims to assert against the Defendants by his own admission.

## 2. The Motion is Futile.

Sixth Circuit precedent establishes that, "a proposed amendment is futile only if it could not withstand a [FRCP] Rule 12(b)(6) motion to dismiss . . ." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). For the reasons discussed above, Mr. Gaston's proposed Counterclaim fails to state a claim because those claims are owned by Oak 44 and therefore would not survive a FRCP Rule 12(b)(6) motion.

---

[2]     The Court in its January Order expressly found Oak 44 was not winding up and thus could not assign its claims even if it was treated as a "dissolved" Wyoming LLC. *See* DN 55, January Order, p. 5. The Defendants further restate (as they did in their Motion to Dismiss) that Oak 44 I is not "dissolved" but rather "defunct," which does not allow for the winding up activities contemplated by Wyoming Statutes 17-29-702.

Mr. Gaston's claims are doubly futile because Oak 44 already made the same argument in response to the Defendant's Motion to Dismiss that Mr. Gaston advances here. As the Court may recall, in Oak 44 I's effort to establish Oak 44 II as the "successor" to Oak 44 I, Mr. Gaston executed an affidavit in which he attests to assigning all rights he may have in the claims raised by Oak 44 I to Oak 44 II. *See* DN 24, Oak 44's Response to Defendant's Motion to Dismiss, Exhibit 1, Declaration of John Gaston ¶8 ("Attached to this declaration as Exhibit 3 is an assignment and assumption agreement executed by me personally, under which I transfer whatever right, title, and interest that I have (if any) in the 'Maddix Litigation' to [Oak 44 II].")

The Court, however, found that the claims asserted by Oak 44 II were Oak 44 I's to make. If the Court believed that Oak 44 I's claims rested with Mr. Gaston, it could have recognized the assignment of his claims to Oak 44 II and allowed them to be pursued by Oak 44 II. The Court, however, elected not to do so. Mr. Gaston also provides no subsequent documentation to show how, following the assignment, Mr. Gaston continues to own the claims that he transferred.

Mr. Gaston now claims ignorance of who owns his claims and asks this Court, essentially, to reconsider its January Order in which the very same argument was advanced. Mr. Gaston states that "Oak 44 anticipates appealing [the January Order] when it is able to do so, but it respects the Court's decision and understands that it currently is the law of the case." *See* Motion, p. 2. Yet, Mr. Gaston continues to reject the Court's holding therein by advancing dubious legal arguments in search of a claim this Court will entertain.

Finally, allowing Mr. Gaston to prosecute Oak 44's claims would be an end-around the Kentucky corporate statutes and Federal Rules of Civil Procedure Rule 17(b), which this Court admonished Mr. Gaston for attempting in its January Order. *See* DN 55, January Order, pp. 7-8 ("[Oak 44 II] was formed after the action had been commenced **for the sole purpose of defeating**

6

**its capacity to sue problem, which would circumvent the consequences of its failure to follow both Wyoming and Kentucky law**.") (emphasis added).

Because Mr. Gaston does not own the claims he proports to assert, his Motion is futile and should be denied.

**II**

**THE MOTION IS UNDULY DELAYED, IN BAD FAITH, AND WITH A DILATORY MOTIVE SUCH THAT IT SHOULD BE DENIED**

Beyond being futile, Mr. Gaston's Motion seeks to post-hoc rehabilitate his dilatory conduct in pursuing this action. As the Defendants have repeatedly emphasized throughout, the sole purpose for Oak 44's filing of this action was to frustrate the impending sale of the Property owned by Cayman Lane LLC. Although the Court did not directly address the issue in its January Order, the *lis pendens* placed on the Property by Oak 44 and Mr. Gaston was unsupported by Kentucky law. These events are the primary subject of the Defendant Cayman Lane, LLC's pending counterclaims against Mr. Gaston.

The Defendants contend that Oak 44 and Mr. Gaston knew or should have known of Oak 44's defunct status prior to filing this action. At a minimum, Mr. Gaston became aware of this defect as early as May of 2024, when the Defendants raised the issue in their Answer and Counterclaim. *See* DN 37, Defendants' Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC Answer and Counterclaim, Ninth Defense and ¶¶ 3, 9-13.

In an effort to preserve this lawsuit (and thus preserve the *lis pendens* to continue to frustrate the sale of the Cayman Lane, LLC Property), Oak 44 continued to defend its ability to maintain this action and the *lis pendens*. Oak 44, in its response to the Defendants' Motion to Dismiss, conceded it was "defunct" at the time of filing this action. *See* DN 53, Plaintiff's

7

Memorandum In Opposition to Motion to Dismiss, p. 4 ("The movants are correct that Oak 44 (a Wyoming limited liability company) was administratively dissolved by the Wyoming Secretary of State, and the movants are also [correct] that the administrative dissolution happened long enough ago that it is not possible to reinstate the original entity.")  At any point thereafter, Mr. Gaston could have asked for leave to amend the Complaint filed herein to proceed in his name only. Instead, he continued to defend Oak 44 I's ability to pursue its claims.  Only now, after having been dismissed by this Court, does he belatedly seek leave to amend.

FRCP Rule 15(a) case law instructs that "[b]ad faith and dilatory motive can be shown where the motion to amend 'is obviously interposed by plaintiffs in an attempt to avoid' an unfavorable ruling on a dispositive motion."  *See Drake v. Walmart Inc.*, 2020 WL 10866997, at *2 (N.D. Tex. Oct. 19, 2020) *citing Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (affirming denial of leave to amend based on bad faith and dilatory motive where plaintiffs were aware of facts supporting their proposed claims before they initiated the case but did not present them until nine months after filing the case when summary judgment was imminent).

Mr. Gaston now seeks to pursue the same claims, after having known of the defect of the initial claim for over a year, and ***after receiving an adverse dispositive ruling from the Court***.  As the Defendants argue above, Mr. Gaston does not own these claims to begin with, but even so, his procedural maneuver is an attempt to avoid the Court's January Order and the holdings set forth therein. The Motion is unduly delayed, in bad faith, and with a dilatory motive such that it should be denied.

### III

### THE MOTION IS DEVOID OF ANY MEANINGFUL LEGAL ANALYSIS

FRCP Rule 27(a)(2) requires that a party's motion "must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."  Mr.

Gaston asks this Court for leave to amend his answer to assert counterclaims, yet, he has provided no legal basis to support those claims. He relies entirely on the bald-face assertion that: "[b]ecause the Court has held that Oak 44 did not exist at that time, the only possible interpretation of the facts is that Gaston was operating Oak 44 as a sole proprietorship, rather than as a Wyoming limited liability company." *See* Motion, p. 3.

Beyond misinterpreting the holding in the Court's January Order (as previously discussed), Mr. Gaston cites no legal authority (Wyoming, Kentucky, federal or otherwise) that stands for the proposition that the assets and activities of a defunct Wyoming LLC automatically vest in its sole member, and as such, he is entitled to bring claims of the defunct Oak 44 I in his own name. The Motion merely recites the FRCP Rule 15(a) standard for leave to amend and reiterates his grievances against the Defendants, Messrs. Wood and Maddix. Sixth Circuit precedent allows the Court to deny Mr. Gaston's Motion for failure to provide the legal argument necessary to support it. *See Pittman ex rel. Sykes v. Franklin,* 282 Fed.Appx. 418, 425-26 (6th Cir. 2008) (denial of movant's motion for leave to amend was not an abuse of discretion when, among other elements, the movant "simply stated why she sought the amendment and quoted language from Rule 15(a)..."

## CONCLUSION

For the reasons set forth above, the Court should deny Mr. Gaston's Motion for Leave to File Counterclaims because it is futile, unduly delayed, in bad faith and with a dilatory motive, and otherwise totally devoid of meaningful legal analysis.

Respectfully submitted,

/s/James M. Mooney

Dan M. Rose, Esq.
J. Wesley Harned, Esq.
James M. Mooney, Esq.
ROSE CAMENISCH STEWART MAINS PLLC
326 South Broadway
Lexington, Kentucky  40508
Phone: (859) 721-2100
E-mail:    dan.rose@rcsmlaw.com
           wes.harned@rcsmlaw.com
           jim.mooney@rcsmlaw.com

Attorneys for Defendants, Stephen Wood and Cayman Lane, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Court's E-Filing System on the 30th day of May, 2025, which serves an electronic copy to the following:

Joshua M. Smith, Esq. (jms@sspfirm.com)
Jeffrey M. Nye, Esq. (jmn@sspfirm.com)
Bailey E. Sharpe, Esq. (bes@sspfirm.com)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208

James O'Toole, Esq. (jotoole@soblawfirm.com)
SMITH, O'TOOLE & BROOKE
3080 Harrodsburg Road., #101
Lexington, Kentucky  40503

George Rikos, Esq. (george@georgerikoslaw.com)
555 West Beech Street, #500
San Diego, California  92101

/s/James M. Mooney

James M .Mooney

Attorney for Defendants, Stephen Wood and Cayman Lane, LLC