UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **OAK 44 PROPERTY MANAGEMENT, LLC,** | **CIVIL NO. 5:24-cv-63-KKC-MAS** |
| **Plaintiff,** | |
| **v.** | **OPINION & ORDER** |
| **JUSTIN MADDIX, et al.,** | |
| **Defendant.** | |

This matter is before the Court on Third Party Defendant John D. Gaston's
motion for leave to file counterclaims against Defendants Stephen Wood; Justin
Maddix; Lexington 859 Service, LLC; Cayman Lane, LLC; Park 12 Property
Management, LLC; 5515, LLC; and 5515 Hunt Club Ln LLC (collectively, "the
Defendants"). (R. 64.) Defendants Wood and Cayman Lane, LLC responded. (R. 66.)
Gaston replied. (R. 67.) The other defendants have not filed a response and the time
to do so has passed.

## I. Background

Oak 44 Property Management, LLC ("Oak 44"), an entity fully owned by
Gaston, filed this action asserting claims of fraud against the Defendants. (R. 1.)
Specifically, Oak 44 asserted that Wood and Maddix, both employees of Oak 44, used
"a series of sham companies and LLCs (the other defendants) to embezzle hundreds
of thousands of dollars from their employer." (*Id*. at 2.)

1

Maddix and Lexington 859 filed a counterclaim against Oak 44 and a third-party complaint against Gaston. (R. 27.) Gaston and Oak 44 filed a joint answer, entitled "Answer to Complaint, Third Party Complaint, Counterclaim." (R. 36.) Stephen Wood, Cayman Lane, Park 12, 5515, and 5515 Hunt Club (collectively, "the Wood Defendants") filed a counterclaim against Oak 44 which, among other claims, asserted that Gaston "is personally responsible for the legal duties and obligations incurred in the name of Oak 44 and is personally liable for its debts." (R. 37 at 28.) Gaston and Oak 44 filed a joint answer to the Wood Defendants' counterclaim. (R. 50.) Gaston did not assert any counterclaims or third-party claims of his own.

Some of the Defendants' claims have been dismissed. (*See* R. 45, 46.) Additionally, on January 22, 2025, all of Oak 44's claims were dismissed under Federal Rule of Civil Procedure 12(b)(6) for lack of capacity to sue under Rule 17(b). (R. 55.) The Court found that Oak 44 lacked capacity to sue because it was a defunct Wyoming limited liability company that did not, and could not, obtain a Kentucky certificate of authority. (*Id*.) When Oak 44 attempted to argue that it assigned its rights and privileges to a new Oak 44 ("Oak 44 II"), the Court found that the original Oak 44 "forfeited its rights when it became defunct and failed to reinstate itself, and therefore had no rights to assign to any new entity." (R. 55 at 7.)

Now, Gaston seeks to amend his answer to assert counterclaims against the Defendants. (R. 64.) Specifically, Gaston wishes to file the same claims against the Defendants as initially asserted by Oak 44. (*Compare* R. 64-1 *with* R. 1.)

## II. Analysis

## A. What Claims Remain

The Court's January Order (R. 55) did not identify the remaining claims in this action. The Court will do so now.

All claims brought by Oak 44 were dismissed, including those against Maddix and Lexington 859, because Oak 44 lacks the capacity to sue. (R. 55 (citing Fed. R. Civ. P. 17(b)(3)).) The claims brought *against* Oak 44, must also be dismissed. Similar to the capacity to sue, the capacity *to be sued* is governed by Rule 17, which states that a limited liability company's capacity to be sued is governed "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). In Kentucky, "the dissolution of a corporation implies its utter extinction and obliteration as a body capable of suing or being sued." *Leiserson & Adler, Inc. v. Keam*, 266 S.W.2d 352 (Ky. 1954) (internal citations omitted). The same rule would apply to a defunct corporation. Accordingly, Oak 44 does not have the capacity to be sued and, on its own motion, the Court will dismiss the claims against Oak 44.

The claims brought by the Defendants against Gaston, however, remain. (*See* R. 27, 37, *but see* R. 46 (dismissing Count Six of R. 27 and Count One of R. 37).) Although they disagree whether Gaston is a third-party defendant or a counterclaim defendant, the parties have not presented arguments indicating otherwise. (*See* R. 64 at n. 1.) Gaston argues that the Defendants incorrectly identified him as a third-party defendant because "the claims against him are not claims that he 'is or may be liable to [the defendants] for all or part of the claim against [them]' . . . and so he is a

3

counterclaim defendant under Rule 13 rather than a third-party defendant under Rule 14." (*Id.* (citing Fed. R. Civ. P. 14(a)).)

The Court finds that Gaston is best identified as a third-party defendant because he was not a party to the original complaint and the Defendants' claims against Gaston allege his liability to the Defendants for at least part of the claims that were brought against them. (*See* R. 1, 27, 37.) The Wood Defendants' crossclaim against Gaston (R. 37) will be construed as a third-party complaint. Maddix and Lexington 859's third-party complaint (R. 27) was correctly filed. The Court dismissed Count Six of Maddix and Lexington 859's third-party complaint and Count One of the Wood Defendants' third-party complaint. (R. 46.) The claims remaining against Gaston are Counts 2, 3, and 4 of the Wood Defendants' third-party complaint (R. 37) and Counts 1, 2, 3, 4, 5, and 7 of Maddix and Lexington 859's third-party complaint (R. 27).

## B. Whether Gaston Operated Oak 44 as a Sole Proprietorship

Gaston argues that, because the Court concluded that Oak 44 became defunct in October 2021, the fraud that allegedly started around July 2022 cannot be "an asset that Oak 44 needed to (or even could) transfer to anyone upon its dissolution." (R. 67 at 10.) Instead, Gaston argues, "[b]ecause the Court has held that Oak 44 did not exist at that time, the only possible interpretation of the facts is that Gaston was operating Oak 44 as a sole proprietorship rather than as a Wyoming limited liability company." (R. 64.) But Gaston does not cite any authority to support his assertions.

To be sure, Wyo. Stat. Ann. § 17-29-701 describes the dissolution process of a Wyoming limited liability company and Wyo. Stat. Ann. § 17-29-705 describes the conditions for becoming defunct, but neither statute says anything about converting a limited liability company into a sole proprietorship. Similarly, Wyo. Stat. Ann. §§ 17-29-702 and -708 discuss the effects of dissolution, including the distribution of assets among the members. But none of these statutes support Gaston's assertion that a member who purports to continue to operate as a limited liability company after it becomes defunct shall be deemed to be operating it as a sole proprietorship.

The Court finds that Gaston may not bring claims as Oak 44's purported sole proprietor.

### C. Whether Gaston may add a Counterclaim

Even if Gaston could argue that Oak 44 automatically transferred rights to its claims to Gaston when it became defunct, allowing the proffered amendments to add a counterclaim would be futile. Federal Rule of Civil Procedure 15 governs an amendment to add a counterclaim. If a party can no longer amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When the court's leave is required, it "should be freely given when justice so requires." Fed. R. Civ. P. 13 advisory committee's notes to 2009 amendment. Still, the rule is subject to limitations. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016). The court can find denial appropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

"[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss[.]" *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000); *see* Fed. R. Civ. P. 12(b)(6) (motion for dismissal for "failure to state a claim upon which relief can be granted"). In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Here, "[t]he record shows that Oak 44 continued its business operations following its designation as defunct in 2021[.]" (R. 55 at 5.) Even though Oak 44 was a defunct entity and was not supposed to engage in standard business, it did. The Court previously found that, because Oak 44 was operating as a defunct limited liability company, Oak 44 forfeited its rights and privileges, including its capacity to sue. As a result, the Court found that Oak 44 "had no rights to assign to any new entity." (R. 55 (citing Wyo. Stat. Ann. § 17-29-705(b)).)

This Court continues to find that "[b]ecause there was not a valid assignment of rights and [Oak 44] was not in the process of winding up its business activities, Oak 44 does not have a proper assignee or successor under Kentucky law[.]" (R. 55 at 8.) Gaston is not Oak 44's proper successor under Kentucky law because a proper

successor to Oak 44 does not exist. The Court will not allow Oak 44, through Gaston, circumvent its "capacity to sue problem," which is a consequence of failing to follow Kentucky and Wyoming law. (*See* R. 55 at 7–8.)

The Court finds that Gaston's claims are futile and, therefore, would not survive a Rule 12(b)(6) motion. The Court need not address other factors supporting the denial of Gaston's motion.

### III. Conclusion

For the aforementioned reasons, the Court hereby **ORDERS** as follows:

(1) Gaston's Motion for Leave to File a Counterclaim (R. 64) is **DENIED**;

(2) The claims against Oak 44 (R. 27, 37) are **DISMISSED**; and

(3) The **REMAINING CLAIMS** in this action are as follows:

    (A) Counts 1, 2, 3, 4, 5, and 7 of Maddix and Lexington 859's third-party complaint against Gaston (R. 27); and

    (B) Counts 2, 3, and 4 of the Wood Defendants' third-party complaint against Gaston. (R. 37.)

This 20th day of November, 2025.



Signed By:

**_Karen K. Caldwell_**

**United States District Judge**