# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| OAK 44 PROPERTY MANAGEMENT, LLC | ) ) | PLAINTIFF |
| vs. | ) ) ) | Case No. 5:24-cv-00063 |
| LEXINGTON 859 SERVICE, LLC; PARK 12 PROPERTY MANAGEMENT LLC; 5515, LLC; 5515 HUNT CLUB LN LLC; and | ) ) ) ) | DEFENDANTS |
| JUSTIN MADDIX; STEPHEN WOOD and CAYMAN LANE, LLC | ) ) ) | DEFENDANTS AND THIRD PARTY PLAINTIFFS |
| vs. | ) ) | |
| JOHN GASTON | ) | THIRD PARTY DEFENDANT |

**\* \* \* \***
**MOTION TO MODIFY SCHEDULING ORDER**
**\* \* \* \***

Come the Third Party Plaintiffs, Stephen Wood and Cayman Lane, LLC, by counsel, and in support of their Motion to Modify Scheduling Order (the "Motion") state as follows:

## INTRODUCTION

Third Party Plaintiffs Stephen Wood and Cayman Lane, LLC respectfully move the Court, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 16(b)(4), for an order modifying the current Scheduling Order [Dkt. 60] and Pretrial Order [Dkt. 61] and directing the parties to reconvene for a FRCP Rule 26(f) conference to reset and compress the remaining case deadlines. Good cause for the Motion exists because the time set forth for fact discovery was largely consumed by Third Party Defendant John D. Gaston's ("Gaston") Motion for Leave to File Counterclaim [Dkt. 64], denied by the Court in its November 20, 2025 Opinion & Order [Dkt. 70], which affirmed the significantly limited scope of the claims remaining in the case initially dismissed by this Court in its Opinion and Order Dated January 22, 2025 [Dkt. 55] (as modified

1

by its February 7, 2025 Orders [Dkt. 57, 58]) which Gaston then sought to pursue in his personal capacity.

## BACKGROUND

On March 25, 2025, the Court entered a Scheduling Order setting, among other dates, a fact discovery completion deadline of February 6, 2026; expert report deadlines of March 20, 2026 (Plaintiff) and May 1, 2026 (Defendants); an expert discovery deadline of June 12, 2026; and a dispositive and Daubert motion deadline of July 24, 2026. [Dkt. 60]. The Scheduling Order also set a telephonic pretrial conference for January 7, 2027 and a jury trial beginning February 8, 2027. *Id.* On March 25, 2025, the Court also entered a Pretrial Order establishing deadlines for FRCP Rule 26(a)(3) pretrial disclosures, motions in limine, deposition designations, and pretrial memoranda tied to the pretrial conference. [Dkt. 61].

On November 20, 2025, the Court issued an Opinion & Order identifying the claims that remain in the action, confirming the dismissal of all claims by and against Oak 44, denying Third Party Defendant Gaston's Motion for Leave to File Counterclaim, and clarifying that the remaining claims are Counts 1, 2, 3, 4, 5, and 7 set forth in the Third Party Complaint filed against Gaston by Justin Maddix and Lexington 859 Service LLC, and Counts 2, 3, and 4 set forth in the Third Party Complaint filed against Gaston by Stephen Wood and Cayman Lane, LLC. [Dkt. 70].

## ARGUMENT

### I. Good Cause and Requested Relief

Federal Rules of Civil Procedure Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Good cause exists under FRCP Rule 16(b)(4) to modify the Scheduling Order because (a) the anticipated time to conduct fact discovery allotted in the original Scheduling Order was largely consumed by Third Party Defendant Gaston's

2

Motion for Leave to File Counterclaim [Dkt. 64], denied by the Court in its November 20, 2025 Opinion & Order [Dkt. 70]; (b) the Court's Opinion and Order Dated January 22, 2025 [Dkt. 55] (as modified by its February 7, 2025 Orders [Dkt. 57, 58]) together with its November 20, 2025 Opinion & Order [Dkt. 70] materially narrowed and clarified the operative claims and parties; and (c) the parties can now practice the case on a compressed, targeted schedule aligned with the remaining claims. No discovery was conducted during the pendency of Third Party Defendant Gaston's Motion for Leave to File Counterclaim because the resolution of that motion would greatly impact how each party would proceed to discover its claims and defenses.

The parties will be able to streamline remaining discovery, expert work, and motion practice through a renewed FRCP Rule 26(f) conference focusing on the narrowed issues and the decisions already rendered by the Court, thereby conserving judicial and party resources. No party will be prejudiced by convening such a conference and submitting a joint proposed amended schedule; to the contrary, it will facilitate efficient completion of any necessary fact discovery on the remaining claims, appropriately sequence expert disclosures, and maintain the dispositive motion deadline, all on a compressed track.

**II.      Proposed Procedure**

Third Party Plaintiffs, Stephen Wood and Cayman Lane, LLC, respectfully request that the Court:

(a) Direct the parties to reconvene for a FRCP Rule 26(f) conference within seven (7) days of the Court's order;

(b) Require the parties to file a joint discovery plan within fourteen (14) days after the FRCP Rule 26(f) conference that (i) compresses the remaining case deadlines, including an extension and targeted re-opening of fact discovery solely as to the remaining claims and parties;

3

(ii) adjusts expert disclosure and expert discovery deadlines accordingly; and (iii) maintains or efficiently resets the dispositive and Daubert motion deadlines to reflect the narrowed issues;

(c) Pending submission of the joint proposal, extend the current February 6, 2026 fact discovery deadline to such date to be set forth in the revised discovery plan the parties will propose for the limited purpose of completing discovery tailored to the remaining claims identified by the Court's November 20, 2025 Opinion & Order.

## CONCLUSION

For the foregoing reasons, Third Party Plaintiffs, Stephen Wood and Cayman Lane, LLC, respectfully request the Court to grant this Motion, direct the parties to reconvene for a FRCP Rule 26(f) conference and submit a revised discovery plan, and to then enter an order modifying the Scheduling Order consistent with the procedures set forth above.

Respectfully submitted,

/s/James M. Mooney
Dan M. Rose, Esq.
J. Wesley Harned, Esq.
James M. Mooney, Esq.
ROSE CAMENISCH STEWART MAINS PLLC
326 South Broadway
Lexington, Kentucky  40508
Phone: (859) 721-2100
E-mail:      dan.rose@rcsmlaw.com
             wes.harned@rcsmlaw.com
             jim.mooney@rcsmlaw.com

Attorneys for Third Party Plaintiffs, Stephen Wood and Cayman Lane, LLC

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Court's E-Filing System on the 6th day of February, 2026, which serves an electronic copy to the following:

Joshua M. Smith, Esq. (jms@sspfirm.com)
Jeffrey M. Nye, Esq. (jmn@sspfirm.com)
Bailey E. Sharpe, Esq. (bes@sspfirm.com)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208

James O'Toole, Esq. (jotoole@soblawfirm.com)
SMITH, O'TOOLE & BROOKE
3080 Harrodsburg Road., #101
Lexington, Kentucky 40503

George Rikos, Esq. (george@georgerikoslaw.com)
555 West Beech Street, #500
San Diego, California 92101

/s/James M. Mooney
James M .Mooney

Attorney for Third Party Plaintiffs, Stephen Wood and Cayman Lane, LLC