UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Oak 44 Property Management, LLC | Plaintiff |
| vs. | Case No. 5:24-cv-00063 |
| Lexington 859 Service, LLC; Park 12 Property Management LLC; 5515, LLC; 5515 H Club Ln LLC; | Defendants |
| and | |
| Justin Maddix; Stephen Wood and Cayman Lane, LLC | Defendants and Third Party Plaintiffs |
| vs. | |
| John Gaston | Third Party Defendant |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on <u>February 25, 2026</u> and was attended by:

    a.    Jeff Nye and Josh Smith, counsel for plaintiff Oak 44 and counterclaim defendant John Gaston;

    b.    Jim Mooney, Conrad Herman, and George Rikos, counsel for defendants Stephen Wood, Cayman Lane LLC, Park 12 Property Management LLC, 5515 LLC, and 5515 Hunt Club Ln LLC; and

    c.    Jim O'Toole, counsel for defendants Justin Maddix and Lexington 859 Service LLC.(did not attend, but reviewed and approved draft Rule 26(f) Report).

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. <u>CONSENT TO MAGISTRATE JUDGE</u>

    Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

    _____Yes   \_\_X\_\_\_No

2. <u>INITIAL DISCLOSURES</u>

    Have the parties agreed to make initial disclosures?

    \_X\_\_Yes   _____No   \_\_\_\_\_ The proceeding is exempt under Rule 26(a)(1)(B).

    Such initial disclosures have been made.

3. <u>VENUE AND JURISDICTION</u>

    Are there any contested issues related to venue or jurisdiction?

    _____ Yes   \_\_\_X\_\_\_ No

    If yes, describe the issue:

    N/A.

4. <u>PARTIES AND PLEADINGS</u>

    a.  The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by April 3, 2026.

    b.  If the case is a class action, the parties agree that the motion for class certification shall be filed by _____N/A_____.

5. <u>ISSUES</u>

    Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

    The Court has dismissed plaintiff Oak 44's claims under Rule 12(b)(6) based on lack of standing or capacity to sue. The Court has also denied John Gaston's

subsequent Motion for Leave to File Counterclaim. The following counterclaims remain pending.

a. Defendant Maddix alleges that plaintiff and its principal, John Gaston, promised to grant equity and sales bonuses to Maddix in connection with this work for plaintiff, and that plaintiff and Gaston breached that agreement. Maddix also alleges that Oak 44 or Gaston failed to reimburse Maddix for expenses incurred on their behalf. Maddix and Lexington 859 also allege that Gaston defamed them in an interview with a newspaper, which counterclaim count was dismissed by the Court's Order (doc. 46). The pending counterclaims by Maddix and Lexington 859 are for breach of contract, unjust enrichment, promissory estoppel, breach of good faith and fair dealing, fraud, and abuse of process.

b. Defendant Wood alleges that the plaintiff hired him and agreed to pay him a monthly wage but has breached that agreement. Defendant Cayman Lane LLC alleges that the plaintiff unlawfully recorded a notice of lis pendens against property owned by Cayman Lane and by doing so slandered its title and tortiously interfered with a contract. Defendants Wood and Cayman Lane allege that the plaintiff was administratively dissolved and deemed defunct under Wyoming law and that the plaintiff negligently or intentionally misrepresented that fact, a counterclaim count that was dismissed by Agreed Order (doc. 45). The pending counterclaims by Defendants Wood and Cayman Lane are for slander of title, tortious interference with contract, and breach of contract.

There is a jury demand.

7. <u>DISCOVERY PROCEDURES</u>

    a.    The parties agree that all fact discovery shall be completed by <u>July 3, 2026</u>.

    b.    Plaintiff's expert reports must be produced by <u>August 14, 2026 (six weeks after close of fact discovery)</u>.

    c.    Defendant's expert reports must be produced by <u>September 25, 2026 (six weeks after plaintiff's expert reports)</u>.

    For purposes of expert reports, a "plaintiff" is any party that bears the burden of proof on a claim, including a counterclaimant, and a "defendant" includes a counterclaim defendant.

    d.    All expert discovery shall be completed by <u>November 6, 2026 (six weeks after defendant's expert reports)</u>.

    e.    Do the parties anticipate the production of ESI? __X__ Yes _____ No

    If yes, describe the protocol for such production:

    Parties will bear the cost of search and production of requests directed to them. Parties will confer in good faith regarding whether native-format production is necessary for particular requests and the responding party will produce ESI in native format where appropriate. For other requests, the producing party may produce ESI in native format or PDF format. Text-based documents converted to PDF for production should be searchable, but a producing party need not convert existing non-searchable documents to searchable format.

    f.    Do the parties intend to seek a protective order or clawback agreement?

    It is unlikely the parties will seek a protective order or clawback agreement with respect to documents produced in discovery, but if they should have

4

    any issues with respect to the confidentiality of information contained in such documents, they will agree to redact the same.

  g. The parties anticipate discovery on the following subjects or issues:

    All issues of liability and damages, without bifurcation, but with expert disclosure following fact discovery (as noted above)

  h. Other issues relating to discovery:

    The parties stipulate under Rule 33(a)(1) that the number of interrogatories a party may serve on another party shall be 40.

    The parties agree that it is not necessary to individually log attorney-client privileged communications that post-date the filing of the complaint.

8. DISPOSITIVE MOTIONS

  a. Any dispositive motions shall be filed by <u>December 18, 2026 (six weeks after close of all expert discovery)</u>.

  b. Do the parties anticipate any early dispositive motions?

    No.

9. SETTLEMENT

The parties have not had any discussions regarding settlement of the remaining counterclaims and counsel may engage a private mediator or other neutral if doing so is likely to be fruitful, but believe that fact discovery is necessary first.

Plaintiff(s) will make a settlement demand by <u>November 6, 2026 (the close of expert discovery)</u>. Defendant will respond <u>within 21 days</u>. The parties agree to make a good faith effort to settle this case.

10. <u>OTHER</u>

In addition to matters discussed above, the parties wish to advise the Court that Gaston and Stephen Wood are currently parties to an arbitration pending in Maricopa County, Arizona. That arbitration relates primarily to the corporate governance of entities that are not a party to this case. The parties expect that the arbitration will not interfere with the litigation.

Signatures:

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| */s/ Jeffrey M. Nye*<br>Joshua M. Smith (0098835)<br>Jeffrey M. Nye (pro hac vice)<br>Bailey E. Sharpe (pro hac vice)<br>STAGNARO, SABA & PATTERSON CO., L.P.A.<br>2623 Erie Avenue<br>Cincinnati, Ohio 45208<br>(513) 533-6715<br>(513) 533-2999 (fax)<br>jms@sspfirm.com<br>jmn@sspfirm.com<br>bes@sspfirm.com<br>**Counsel for Oak 44 and John Gaston** | */s/ James M. Mooney*<br>Dan M. Rose, Esq.<br>J. Wesley Harned, Esq.<br>James M. Mooney, Esq.<br>ROSE CAMENISCH STEWART PLLC<br>326 South Broadway<br>Lexington, Kentucky 40508<br>Phone: (859) 721-2100<br>dan.rose@rcsmlaw.com<br>wes.harned@rcsmlaw.com<br>jim.mooney@rcsmlaw.com<br><br>And<br><br>George Rikos, Esq.<br>555 West Beech Street, #500<br>San Diego, California 92101<br>(george@georgerikoslaw.com)<br>**Counsel for Stephen Wood; Cayman Lane, LLC; Park 12 Property Management LLC; 5515, LLC; and 5515 Hunt Club Ln LLC**<br><br>*/s/ James O'Toole*<br>James O'Toole, Esq.<br>O'Toole & Williams Law<br>3080 Harrodsburg Rd., Suite 101<br>Lexington, KY 40503<br>jotoole@owlawky.com<br>**Counsel for Justin Maddix and Lexington 859 Service LLC** |